The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams,* 148 Ohio App.3d 473, 2002-Ohio-3777.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1088.

Decided July 25, 2002.

474

Ron O'Brien, Franklin County Prosecuting Attorney, and Laura M. Rayce, Assistant Prosecuting Attorney, for appellee.

Michael H. Siewert, for appellant.

PETREE, Judge.

{¶ 1} Appellant, Lauwanna Williams, was indicted by the Franklin County Grand Jury and charged with the following counts: (1) fourteen counts of engaging in a pattern of criminal gang activity in violation of R.C. 2923.42; (2) fifty-one counts of trafficking in cocaine in violation of R.C. 2925.03; (3) four counts of possession of cocaine in violation of R.C. 2925.11; (4) one count of possession of heroin in violation of R.C. 2925.11; (5) one count of felonious assault in violation of R.C. 2903.11; (6) one count of carrying a concealed weapon in violation of R.C. 2923.12; (7) one count of failure to appear on recognizance in violation of R.C. 2937.29; (8) seven counts of trafficking in cocaine in violation of R.C. 2925.03; (9) two counts of trafficking in cocaine in violation of R.C. 2925.03; (10) one count of trafficking in cocaine in violation of R.C. 2925.03; (11) one count of having a weapon while under disability in violation of R.C. 2923.13; and (12) one count of possession of cocaine with specification in violation of R.C. 2925.11. Appellant appeared before the trial judge and, after being advised of her rights pursuant to Crim.R. 11, entered a plea of no contest to count 14 of the indictment, engaging in a pattern of criminal gang activity, and entered a plea of guilty to counts 56, 57, and 69 of the indictment, trafficking in cocaine, a felony of the fifth degree. The court sentenced her to serve twelve months on each of the drug counts and to serve two years on the count of engaging in a pattern of criminal gang activity. The court ordered that the drug counts be served consecutively while the pattern of criminal group activity count be served concurrently.

{¶ 2} Appellant appeals from her conviction and assigns the following sole assignment of error:

{¶ 3} "The trial court erred in overruling the defendant's motion to dismiss the charge of engaging in a pattern of criminal gang activity."

{¶ 4} The relevant facts leading up to appellant's arrest include the following. Between December 1, 1998 and December 8, 1999, a joint investigation took place between the Columbus Police Narcotics Bureau, the Strategic Response Bureau, and the S.W.A.T. unit. The investigation focused on an organization commonly referred to as "218." The organization "218" is a street gang which was involved in trafficking heavy amounts of narcotics on the near east side of Columbus. Members of the organization "218" have been known to either to frequent or reside in the area of East Long and North Seventeenth Streets, which has been the main focus of their criminal activity.

{¶ 5} During the investigation, appellant was identified as an associate and/or member of organization "218." Numerous surveillance photographs were taken during that year that documented appellant's association with approximately fourteen other known gang members.

{¶ 6} A considerable amount of undercover activity was done, which resulted in several counts of trafficking in cocaine against numerous gang members. On September 9, 1999, appellant sold four unit doses of crack cocaine to an undercover Columbus police narcotics detective and sold four unit doses of crack cocaine to a confidential informant, who was with the detective at the same time. That evidence was submitted to the property lab and was found to be .5 grams of crack cocaine.

{¶ 7} Approximately two weeks later, on September 23, 1999, appellant sold two unit doses of crack cocaine to the same undercover detective. That property was found to be .5 grams of crack cocaine.

{¶ 8} Additionally, surveillance photographs were taken of appellant documenting her interaction with other members of organization "218." Several patrol officers are familiar with appellant and her association with other members of organization "218." Further, tee shirts were confiscated which identified appellant and also identified the organization "218."

{¶ 9} As a result of the investigation, appellant was arrested and charged as indicated previously. Appellant entered a plea of no contest to one count of engaging in a pattern of criminal gang activity in violation of R.C. 2923.42(A), which provides as follows:

{¶ 10} "No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code, or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code."

{¶ 11} A "criminal gang" is defined in R.C. 2923.41(A), as follows:

{¶ 12} " 'Criminal gang' means an ongoing formal or informal organization, association, or group of three or more persons to which all of the following apply:

{¶ 13} "(1) It has as one of its primary activities the commission of one or more of the offenses listed in division (B) of this section.

{¶ 14} "(2) It has a common name or one or more common, identifying signs, symbols, or colors.

{¶ 15} "(3) The persons in the organization, association, or group individually or collectively engage in or have engaged in a pattern of criminal gang activity."

{¶ 16} A "pattern of criminal gang activity" is further defined in R.C. 2923.41(B), as follows:

{¶ 17} "(1) 'Pattern of criminal gang activity' means subject to division (B)(2) of this section, that persons in the criminal gang have committed, attempted to

commit, conspired to commit, been complicitors in the commission of, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of two or more of any of the following offenses:

{¶ 18} "(a) A felony or an act committed by a juvenile that would be a felony if committed by an adult;

{¶ 19} "(b) An offense of violence or an act committed by a juvenile that would be an offense of violence if committed by an adult;

{¶ 20} "(c) A violation of section 2907.04, 2909.06, 2911.211, 2917.04, 2919.23, or 2919.24 of the Revised Code, section 2921.04 or 2923.16 of the Revised Code, section 2925.03 of the Revised Code if the offense is trafficking in marihuana, or section 2927.12 of the Revised Code.

{¶ 21} "(2) There is a 'pattern of criminal gang activity' if all of the following apply with respect to the offenses that are listed in division (B)(1)(a), (b), or (c) of this section and that persons in the criminal gang committed, attempted to commit, conspired to commit, were in complicity in committing, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in committing:

{¶ 22} "(a) At least one of the two or more offenses is a felony.

{¶ 23} "(b) At least one of those two or more offenses occurs on or after the effective date of this section.

{¶ 24} "(c) The last of those two or more offenses occurs within five years after at least one of those offenses.

{¶ 25} "(d) The two or more offenses are committed on separate occasions or by two or more persons."

{¶ 26} Appellant contends that the statutes in question are void for vagueness. Specifically, appellant first contends that the above statute is void under the First and Fourteenth Amendments to the United States Constitution and Sections 1 and 3, Article I, of the Ohio Constitution because it is unconstitutionally vague. Because both state and federal vagueness analyses is the same, they will be addressed together.

{¶ 27} In order to prove a claim that a statute is void for vagueness, the challenging party must show that, upon examining the statute, an individual of ordinary intelligence would not understand what he or she is required to do under the law. *Coates v. Cincinnati* (1971), 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214. In order to escape responsibility, the defendant must prove, beyond a reasonable doubt, that the statute was so unclear that he or she could not reasonably understand that it prohibited the acts in which he or she engaged.

Id. The Ohio Supreme Court has also indicated that the values implicated in the void-for-vagueness doctrine are:

{¶ 28} "[F]irst, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 472 N.E.2d 689.

{¶ 29} After evaluating the above sections under these standards, this court finds that appellant has not met the necessary burden of proof. Appellant contends that the terms in R.C. 2923.41 are so vague that a person could not reasonably understand that the statute prohibited the acts in which she engaged. This court has reviewed statutes and cases from other courts where similar statutes have been found to be constitutional. See *Helton v. Indiana* (1993), 624 N.E.2d 499; *People v. Gardeley* (1996), 14 Cal.4th 605, 59 Cal.Rptr.2d 356, 927 P.2d 713; and *State v. Ochoa* (1997), 189 Ariz. 454, 943 P.2d 814. This court finds that the terms at issue are sufficiently certain to give a defendant reasonable notice of the conduct which the statute prohibits and is no more susceptible of arbitrary enforcement than other criminal statutes. Further, contrary to appellant's arguments, the statute requires more than just the knowledge of criminal conduct. A person charged with participating in criminal gang activity must be found to actively participate with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity and must purposively promote, further, or assist any criminal conduct, as such is defined in R.C. 2923.41(C), or shall purposely commit or engage in any act that constitutes criminal conduct as defined by that same section. R.C. 2923.41(B)(2) then states further requirements before a person may be convicted of engaging in a pattern of criminal gang activity.

{¶ 30} Contrary to appellant's assertions, taken as a whole, the above statute gives persons of ordinary intelligence fair warning of the proscribed, unprotected conduct and is not unconstitutionally vague.

{¶ 31} Appellant further argues that the above statute interferes with the free exercise of her First Amendment rights and legally permissible conduct and, as such, the statute is overbroad. The failure of appellant's vagueness challenge does not invalidate her overbroad challenge. *Gooding v. Wilson* (1972), 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408. A statute must be carefully drawn or authoritatively construed to punish only unprotected conduct and not be susceptible of application to protected expression. Id. at 522, 92 S.Ct. 1103, 31 L.Ed.2d

408. A clear and precise penal statute may nevertheless be unconstitutionally overbroad if its sanctions substantially prohibit activities protected by the First Amendment. *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S.Ct. 2294, 33 L.Ed.2d 222. The crucial question is whether the statute sweeps within its prohibitions a substantial amount of conduct which may not be punished under the First and Fourteenth Amendments. Id. at 115, 92 S.Ct. 2294, 33 L.Ed.2d 222.

{¶ 32} Appellant contends that the statute infringes upon her right of association guaranteed under the First and Fourteenth Amendments to the United States Constitution and Section 3, Article I, of the Ohio Constitution. This court disagrees.

{¶ 33} As stated previously, before a person can be charged with and convicted of criminal gang activity, the statute expressly requires that the person actively participate in a criminal gang, with knowledge of the criminal gang, and that the person engages in or has engaged in the pattern of criminal gang activity and that the person purposely promotes, furthers, or assists any criminal conduct. The statute requires that the active member with guilty knowledge has specific intent or purpose to further the group's criminal conduct before they may be prosecuted. As such, the statute does not impermissibly establish guilt by association alone as appellant contends. See, also, *Helton,* supra. Furthermore, the commission of a felony is not a protected activity even when it is committed by a group exercising their constitutional right to free association. See *United States v. Choate* (C.A.9, 1978), 576 F.2d 165.

{¶ 34} Appellant also contends that the above statutes are unconstitutionally overbroad because they could conceivably interfere with the free exercise of other's First Amendment rights and legally permissible conduct such as "Greenpeace, the NAACP in the 1960's, the Republican Party during the Iran/Contra era [and] the African National Congress." (Appellant's brief at 8.) However, a statute is not overbroad merely because one may conceive of a single impermissible application, but only if it prohibits a substantial amount of protected conduct. *Osborne v. Ohio* (1990), 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98. Furthermore, both the Ohio and United States Constitutions' protection of free association do not provide protection for associations made in furtherance of crimes or criminal conspiracy. The act of associating with compatriots in the commission of a crime is not a protected associational right.

{¶ 35} R.C. 2923.42 requires that a person knowingly and actively participate in the criminal gang and have the specific intent to further the gang's unlawful goals before that person may be prosecuted. The statute requires more than the mere voluntary association asserted by appellant. As such, the statute does not

unconstitutionally establish guilt by association alone, nor does it unconstitutionally punish nominal, inactive purely technical, or passive membership, even if such is accompanied by knowledge and intent.

{¶ 36} Appellant has failed to meet her burden of proving the above statutes to be unconstitutional. As such, as previously determined by the aforementioned state supreme courts, this court likewise finds that Ohio's gang statute is not unconstitutional. Based on the foregoing, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BOWMAN and BROWN, JJ., concur.