**The STATE of Ohio, Appellant,**

**v.**

**BENNETT et al., Appellees.**

[Cite as *State v. Bennett,* 150 Ohio App.3d 450, 2002-Ohio-6651.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–010496 and C–010534.

Decided Dec. 6, 2002.

452

Michael K. Allen, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellant.

H. Fred Hoefle, for appellee Charles Bennett.

Rodney Harris, for appellee Anthony Jasper.

Betty D. Montgomery, Attorney General, David M. Gormley, State Solicitor, and Peter M. Thomas, Assistant Solicitor, urging reversal for amicus curiae, Ohio Attorney General.

---

SUNDERMANN, Judge.

{¶ 1} Defendants-appellees, Charles Bennett and Anthony Jasper, were indicted on March 21, 2001, for "participating in a criminal gang" in violation of R.C. 2923.42.[1] The state claimed that Bennett and Jasper were members of a gang called "Folk," which was actively engaged in the trafficking of drugs in Roselawn, a section of Cincinnati.

{¶ 2} On June 15, 2001, Bennett moved to dismiss the charge against him. He argued that R.C. 2923.42 was unconstitutionally vague and overbroad, that it violated the Equal Protection Clause of the Fourteenth Amendment, and that it violated his right to free speech, assembly, and association under the First Amendment. After a hearing, the trial court granted Bennett's motion to dismiss. The trial court ruled that R.C. 2923.42 was unconstitutionally vague " 'because it fail[ed] to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty.' "[2] The trial court also held that the statute violated due process because as written it made no connection between gang membership and the crime a defendant might commit. Thus, the trial court reasoned that the statute provided a "a gang offense and a

---

1. Bennett and Jasper were also indicted for drug trafficking in the case numbered B–0100864.

2. Trial court's decision at 4, quoting *Coates v. Cincinnati* (1971), 402 U.S. 611, 615, 91 S.Ct. 1686, 29 L.Ed.2d 214.

gang punishment for a person who is an active participant in a gang for committing any crime, even one unrelated to the gang." As a consequence, the trial court concluded that a gang participant is "held to be promoting gang interests even when he obviously is not doing so." Thus, the trial court determined that the crime of "participating in a criminal gang" was based on a defendant's status as a gang member, rather than on his participation in the gang.

{¶ 3} Shortly thereafter, the trial court sua sponte dismissed the charge against Jasper. In its entry dismissing the charge against Jasper, the trial court additionally held the statute "unconstitutionally overbroad" and incorporated its earlier decision in *State v. Bennett* by reference. The state now appeals the dismissals, raising one assignment of error. The Ohio Attorney General has filed an amicus curiae brief supporting reversal.

{¶ 4} In its sole assignment of error, the state contends the trial court erred in holding R.C. 2923.42 unconstitutional. The state argues that R.C. 2923.42 is not unconstitutionally vague or overbroad and that it does not violate due process.

## I. Ohio's Criminal Gang Statute

{¶ 5} R.C. 2923.42 is just one part of a comprehensive criminal law specifically aimed at criminal street gangs. In 1998, the Ohio legislature passed Am.Sub. H.B. No. 2 in an effort to "eradicate the terror created by criminal gangs by providing enhanced penalties [for gang members] and by eliminating the patterns, profits, proceeds, and instrumentalities of criminal gang activity."[3] The law, which took effect on January 1, 1999, criminalizes participation in criminal street gang activity by creating the offense of "participating in a criminal gang"[4] and providing enhanced sentences for gang-related felonies.[5] The law additionally permits buildings, premises, or real estate used by criminal street gangs to be

---

3. See Ohio Legislative Service Commission 122nd Final Bill Analysis for Am.Sub.H.B.No.2. Ohio is just one of a number of states that have taken an aggressive approach to fighting the increase in gang-related activities within their borders. See, e.g., Alaska Stat. 11.61.160, 11.61.165, 12.55.015(a)(11), 12.55.137(a) and (b); Ariz.Rev.Stat.Ann. 13–2308; Ark.Code Ann. 5–74–102; Cal.Penal Code 186.20–28; Col.Rev.Stat. 24–33.5–415.3; Fla.Stat.Ann. 874.01 to 874.09; Ga.Code Ann. 16–15–1 to 16–15–7; 740 Ill.Comp.Stat. 147/15; Ind.Code Ann. 35–45–9–1 to 35–45–9–4; Iowa Code Ann. 723A.1–2; La.Rev.Stat.Ann. 15:1401–1405; Minn.Stat. Ann. 609.229; Miss.Code Ann. 97–44–3; Mo.Ann.Stat. 578.421 to 578.430; Nev.Rev.Stat.Ann. 193.168; N.D.Crim.Code 12.1–06.2–03; Okla.Stat.Ann.Title. 21, 856(D) through (F); S.D.Codified Laws 22–10–14 to 22–10–15.

4. R.C. 2923.42.

5. R.C. 2929.14(I).

declared nuisances,[6] as well as providing for the forfeiture of gang-related property.[7]

{¶ 6} R.C. 2923.42(A), which is the subject of this appeal, states: "No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code, or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code." Section 2923.42(B) states: "Whoever violates this section is guilty of participating in a criminal gang, a felony of the second degree."

## II. Other Ohio Appellate Decisions Interpreting R.C. 2923.42

{¶ 7} Since we have heard oral argument on these cases, the Ninth and Tenth Appellate Districts have each addressed the constitutionality of R.C. 2923.42.

{¶ 8} In *State v. Williams*,[8] the Tenth Appellate District rejected a defendant's claim that R.C. 2923.42 and 2923.41(B) were void for vagueness under the First and Fourteenth Amendments to the United States Constitution and Sections 1 and 3, Article 1 of the Ohio Constitution. The court also rejected the defendant's claim that the statutes were unconstitutionally overbroad because they infringed the right of association as guaranteed by the First and Fourteenth Amendments to the United States Constitution and Section 3, Article I, of the Ohio Constitution.[9]

{¶ 9} Although the Tenth Appellate District did not identify the specific language that the defendant had argued was vague, it nonetheless focused on the terms "criminal gang" and "pattern of criminal gang activity" as defined in R.C. 2923.41.[10] The court then relied upon statutes and case law from other states that had held these terms to be constitutional and concluded that "the terms at issue [were] sufficiently certain to give a defendant reasonable notice of the conduct which the statute prohibit[ed]" and to prohibit arbitrary enforcement by law enforcement officials.[11]

---

6. R.C. 2923.43 and 3767.02.

7. R.C. 2923.44 and 2923.45.

8. *State v. Williams*, 148 Ohio App.3d 473, 2002-Ohio-3777, 773 N.E.2d 1107, at ¶ 29–30.

9. Id. at ¶ 31–35.

10. Id. at ¶ 10–25.

11. Id. at ¶ 29.

{¶ 10} The Tenth Appellate District additionally held that R.C. 2923.42 was not void for vagueness because it required more than just knowledge of criminal conduct for a defendant to be convicted of "participating in criminal gang activity."[12] The court reasoned that R.C. 2923.42(A)'s requirement that a defendant "actively participate with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity and must purposively promote, further, or assist any criminal conduct," combined with the definitions in R.C. 2923.41(B), sufficiently notified "persons of ordinary intelligence" of the prohibited conduct.[13]

{¶ 11} The Tenth Appellate District also rejected the defendant's claim that R.C. 2923.42 was overbroad because it impermissibly established "guilt by association."[14] The court stated that because R.C. 2923.42 required that a person "[1] actively participate in a criminal gang [2] with knowledge of the criminal gang and [3] that the person purposely promotes, furthers, or assists any criminal conduct," a defendant could not be convicted solely for associating with other gang members; instead, the statute required that the defendant actively participate in the gang with the specific intent to further the group's goals before that defendant could be convicted.[15]

{¶ 12} In *State v. Stallings*,[16] the Ninth Appellate District rejected a defendant's arguments that R.C. 2923.42(A) was facially unconstitutional because it was vague, criminalized membership in an organization, and inflicted cruel and unusual punishment. The defendant in *Stallings* had argued that R.C. 2923.42(A) was void for vagueness because the statute failed to define the term "actively" as used in the phrase "actively participates," and because the phrase "purposely promote, further, or assist any criminal conduct" was too uncertain to provide an ordinary person with notice of what conduct the statute prohibited.[17]

{¶ 13} The Ninth Appellate District, relying upon California and Indiana case law for guidance, held that R.C. 2923.42(A) was not void for vagueness for its failure to define the term "actively participates," because that term had a common and ordinary meaning.[18] The court, again relying on California case law,

12. Id.

13. Id. at ¶ 29–30.

14. Id. at ¶ 33.

15. Id. at ¶ 33–35.

16. *State v. Stallings*, 150 Ohio App.3d 5, 2002-Ohio-5942, 778 N.E.2d 1110, at ¶ 5.

17. Id. at ¶ 14.

18. Id. at ¶ 15–16.

further determined that the phrase "purposely promote, further, or assist any criminal conduct" was synonymous with the definition of an aider and abettor, and thus well defined under Ohio law.[19] As a result, the court held that the defendant had failed to prove beyond a reasonable doubt that R.C. 2923.42 was void for vagueness.[20]

{¶ 14} In addressing the defendant's claim that R.C. 2923.42 punished membership in an organization and thus rendered the statute overbroad, the Ninth Appellate District relied upon the Tenth Appellate District's analysis in *State v. Williams*.[21] The court held that R.C. 2923.42 "requires an express showing that (1) the individual actively participates in a criminal gang, with knowledge of the criminal gang; (2) the individual engages in or has engaged in the pattern of criminal gang activity; and (3) the individual purposely promotes, furthers, or assists any criminal conduct."[22] Under these circumstances, the court concluded that the state could not prosecute an individual unless he had the specific intent or purpose to further the gang's criminal actions.[23] Thus, the court rejected the defendant's argument that R.C. 2923.42 criminalized mere membership in an organization.[24] The court also held that because R.C. 2923.42 did not criminalize mere membership in a gang, it did not constitute cruel and unusual punishment.[25]

III. The Trial Court's Decision in *State v. Bennett* and *State v. Jasper*.

{¶ 15} In *State v. Bennett*, the trial court held that R.C. 2923.42 was unconstitutional for two separate reasons. First, the court stated that R.C. 2923.42 was unconstitutionally vague because it "fail[ed] to establish standards for the police and public that [were] sufficient to guard against the arbitrary deprivation of liberty." Second, the court held that R.C. 2923.42 violated the Due Process Clause because the statute permitted a gang member to be convicted of "participating in a criminal gang" when the gang member committed any crime, even one that was unrelated to the gang. In *State v. Jasper*, the trial court additionally held that R.C. 2923.42 was overbroad because it inhibited the exercise of First Amendment rights.

---

19. Id. at ¶ 17.

20. Id. at ¶ 18.

21. Id. at ¶ 19, citing *Williams*, supra, at fn. 8.

22. Id., citing *Williams*, supra, at fn. 8, at ¶ 17.

23. Id.

24. Id.

25. Id. at ¶ 21–22.

{¶ 16} We begin our analysis by noting that all legislative enactments must be afforded a strong presumption of constitutionality.[26] Thus, the party challenging a statute must prove that it is unconstitutional beyond a reasonable doubt.[27] If at all possible, statutes must be construed in conformity with the Ohio and United States Constitutions.[28] So where there is more than one possible interpretation of a statute, the court must construe the statute to save it from constitutional infirmities.[29] With these general principles in mind, we turn to the state's argument that R.C. 2923.42 does not violate due-process rights.

### IV. R.C. 2923.42 Does Not Violate Due–Process Rights

{¶ 17} The United States Supreme Court has recognized that a criminal statute may violate due-process principles in two separate ways. First, a criminal statute may be void for vagueness. The vagueness doctrine, which is premised on the due-process provision of the Fourteenth Amendment,[30] "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' "[31] Second, a criminal statute may also violate due process under the Fifth Amendment when it "impermissibly imputes guilt to an individual merely on the basis of his associations and sympathies, rather than because of some concrete personal involvement in criminal conduct."[32] Thus, a criminal statute that provides for guilt by association is unconstitutional no matter how clear the notice or how fair the hearing it provides. In this case, the trial court's decision, which found that R.C. 2923.42 violated due-process rights, implicated both of these principles.

### A. R.C. 2923.42 Is Not Unconstitutionally Vague

{¶ 18} We first address whether R.C. 2923.42 is void for vagueness. The state argues that R.C. 2923.42 is not unconstitutionally vague because it

---

26. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224.

27. Id.; *Hilton v. Toledo* (1980), 62 Ohio St.2d 394, 16 O.O.3d 430, 405 N.E.2d 1047.

28. *State v. Tanner* (1984), 15 Ohio St.3d 1, 2, 15 OBR 1, 472 N.E.2d 689, citing R.C. 1.47.

29. *State v. Sinito* (1975), 43 Ohio St.2d 98, 72 O.O.2d 54, 330 N.E.2d 896.

30. We are also aware that the United States Supreme Court has stated that First Amendment rights may be implicated in the void-for-vagueness doctrine. See *Grayned v. Rockford* (1972), 408 U.S. 104, 109, 92 S.Ct. 2294, 33 L.Ed.2d 222.

31. *United States v. Lanier* (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432, quoting *Connally v. Gen. Const. Co.* (1926), 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322.

32. *Scales v. United States* (1961), 367 U.S. 203, 220, 81 S.Ct. 1469, 6 L.Ed.2d 782.

clearly defines the conduct it prohibits, thus preventing arbitrary law enforcement and providing adequate notice to potential offenders. We agree.

{¶ 19} As we have already noted, a criminal statute must clearly define its prohibitions so that persons of ordinary intelligence may comprehend the statute to fairly inform themselves of the generally proscribed behavior and so that the statute does not encourage arbitrary or discriminatory enforcement.[33] So, in order to withstand a facial vagueness challenge under the Due Process Clause, R.C. 2923.42 must satisfy two basic requirements. First, the statute must be sufficiently definite to provide a person of ordinary intelligence with adequate notice of the conduct that the statute proscribes. Second, the statute must provide sufficiently definite guidelines for law enforcement officials in order to prevent arbitrary and discriminatory enforcement.[34] A statute is not vague solely because it could have been drafted more precisely.[35]

{¶ 20} In both cases before us, the trial court summarily stated that R.C. 2923.42 was void for vagueness without pointing to any specific terms or phrases in R.C. 2923.42 that it found to be vague. The trial court's analysis, however, focused solely on the fact that a gang member could be convicted under R.C. 2923.42 for committing "any criminal conduct." Thus, we must ascertain whether the phrase "any criminal conduct" is so vague that it fails to provide a person of ordinary intelligence with adequate notice of the conduct that it proscribes.

{¶ 21} R.C. 2923.42(A) provides, "No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist *any criminal conduct,* as defined in division (C) of section 2923.41 of the Revised Code, or shall purposely commit or engage in any act that constitutes *criminal conduct,* as defined in division (C) of section 2923.41 of the Revised Code." (Emphasis added.)

{¶ 22} Criminal conduct is defined in R.C. 2923.41(C) as "the commission of, an attempt to commit, a conspiracy to commit, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division (B)(1)(a), (b), or (c) of this section or an act that is committed by a juvenile and that would be an offense, an attempt to commit an offense, a conspiracy to commit an offense, complicity in the commission of, or solicitation,

---

**33.** *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903; *Grayned v. Rockford* (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222.

**34.** *Chicago v. Morales* (1999), 527 U.S. 41, 56, 119 S.Ct. 1849, 144 L.Ed.2d 67.

**35.** *State v. Dorso* (1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449.

coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division (B)(1)(a), (b), or (c) of this section if committed by an adult."

{¶ 23} R.C. 2923.41(B)(1) provides: " 'Pattern of criminal gang activity' means, subject to division (B)(2) of this section, that persons in the criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of two or more of any of the following offenses:

{¶ 24} "(a) A felony or an act committed by a juvenile that would be a felony if committed by an adult;

{¶ 25} "(b) An offense of violence or an act committed by a juvenile that would be an offense of violence if committed by an adult;

{¶ 26} "(c) A violation of section 2907.04 [unlawful sexual conduct with a minor], 2909.06 [criminal damaging or endangering], 2911.211 [aggravated trespass], 2917.04 [failure to disperse], 2919.23 [interference with custody], or 2919.24 of the Revised Code [contributing to unruliness or delinquency of a child], section 2921.04 [intimidation of attorney, victim, or witness in criminal case] or 2923.16 of the Revised Code [improperly handling firearms in a motor vehicle], section 2925.03 of the Revised Code [trafficking in drugs] if the offense is trafficking in marihuana, or section 2927.12 of the Revised Code [ethnic intimidation]."

{¶ 27} Having reviewed the definition of "any criminal conduct," we cannot say that R.C. 2923.42 is so vague that it fails to provide sufficient notice of the conduct that it prohibits. When R.C. 2923.42(A) is read in conjunction with the definition of criminal conduct contained in R.C. 2923.41(B) and (C), the statute attaches criminal liability only to a person who (1) is an active gang member, (2) has knowledge that the gang engages in or has engaged in a pattern of criminal activity, and (3) purposely promotes, furthers, or assists other gang members in a pattern of criminal gang activity (as defined by R.C. 2923.41[B][2])[36] by partici-

---

36. {¶ a} R.C. 2923.41(B)(2) states:

{¶ b} "There is a 'pattern of criminal gang activity' if all of the following apply with respect to the offenses that are listed in division (B)(1)(a), (b), or (c) of this section and that persons in the criminal gang committed, attempted to commit, conspired to commit, were in complicity in committing, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in committing:

{¶ c} "(a) At least one of the two or more offenses is a felony.

{¶ d} "(b) At least one of those two or more offenses occurs on or after the effective date of this section.

{¶ e} "(c) The last of those two or more offenses occurs within five years after at least one of those offenses.

pating in two or more of the enumerated offenses in R.C. 2923.41(B)(1) *or* purposely commits or engages in a pattern of criminal gang activity by committing or engaging in two or more of the enumerated offenses in R.C. 2923.41(B)(1). Because the definition of criminal conduct in R.C. 2923.41(B) and (C) is highly specific, is clear in its intent and scope, and links the criminal conduct of the gang member to that of the criminal gang, we cannot say that it fails to provide ordinary persons with notice of its prohibited conduct.

{¶ 28} We next address whether R.C. 2923.42 provides an explicit standard for those who apply it. The statute, again through its extensive definition of "any criminal conduct," is sufficiently narrow in scope and sufficiently explicit to provide law enforcement personnel with ample standards for its application. The statute permits liability only when a person who is an active gang member has knowledge that the gang is engaged in or has engaged in criminal activity and purposely promotes, furthers, or assists other gang members in the commission of two or more of the enumerated offenses in R.C. 2923.41(B)(1) or purposely commits or engages in a pattern of criminal gang activity by committing or engaging in two or more of the enumerated offenses in R.C. 2923.41(B)(1). Thus, the statute ensures that law enforcement officials may punish only those members of a criminal gang who are aware of the gang's criminal activities and who actively participate in those activities. Because R.C. 2923.42 gives persons of ordinary intelligence fair warning of its prohibited conduct and does not encourage arbitrary or discriminatory enforcement, we agree with the state that R.C. 2923.42 is not unconstitutionally vague.

## B. R.C. 2923.42 Does Not Provide for Guilt by Association

{¶ 29} In addition to finding the statute void for vagueness, the trial court also found that R.C. 2923.42 violates the Due Process Clause because the statute permits a gang member to be convicted of "participating in a criminal gang" when the gang member commits any crime, even one that is unrelated to the gang, thus giving rise to guilt by association. We disagree.

{¶ 30} In *Scales v. United States*,[37] the United States Supreme Court held that a statute criminalizing group membership does not give rise to "guilt by association," which would violate both the Fifth Amendment's Due Process Clause and the First Amendment, as long as the statute reaches only "active" members of the group who have knowledge of the group's illegal goals and who entertain the specific intent to advance those goals. With respect to the Fifth

---

{¶ f} "(d) The two or more offenses are committed on separate occasions or by two or more persons."

**37.** *Scales,* 367 U.S. at 228–229, 81 S.Ct. 1469, 6 L.Ed.2d 782.

Amendment, the court reasoned, "In our jurisprudence guilt is personal, and when the imposition of punishment on a status or on conduct can only be justified by reference to the relationship of that status or conduct to other concededly criminal activity***, that relationship must be sufficiently substantial to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment."[38] Thus, under *Scales*, the government is forbidden to provide for guilt by association "no matter how clear the notice and no matter how fair the hearing."[39]

{¶ 31} R.C. 2923.42 comports with the due-process requirements set forth in *Scales* because it punishes conduct, not association. A person may be convicted under the statute only when (1) the person actively participates in a street gang; (2) the person participates in the gang with knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and (3) the person willfully promotes, furthers, or assists other gang members in the commission of two or more of the enumerated offenses in R.C. 2923.41(B)(1) or the person commits or engages in a pattern of gang activity by committing two or more of the enumerated offenses in R.C. 2923.41(B).[40] Because the statutory elements necessary to prove a violation of R.C. 2923.42 satisfy *Scales*, R.C. 2923.42 does not provide for guilt by association.

## V. R.C. 2923.42 Is Not Overbroad

{¶ 32} The state next argues that R.C. 2923.42 does not infringe the right to free speech or association and therefore is not overbroad. We agree. In its entry dismissing the charge against Jasper, the trial court ruled that the statute was unconstitutionally overbroad and incorporated its earlier decision in *State v. Bennett* by reference. Although the trial court never explicitly stated why it found R.C. 2923.42 to be unconstitutionally overbroad, the court was apparently troubled by the fact that R.C. 2923.42 tied a defendant's criminal liability to his gang membership, thus violating the defendant's right of association.

{¶ 33} In order for a statute that regulates conduct to be considered overbroad, "the overbreadth of [the] statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep."[41] The

---

38. Id. at 224–225, 81 S.Ct. 1469, 6 L.Ed.2d 782.

39. Cole, Hanging with the Wrong Crowd: Of Gangs, Terrorists, and the Right of Association (1999), 1999 Sup.Ct. Rev. 203, 217.

40. See *State v. Stallings*, supra, at fn. 16.

41. *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830.

"specific doctrine of overbreadth relates only to First Amendment issues."[42] The United States Supreme Court has recognized that the right of association, which stems from the First Amendment,[43] "encompasses two distinct types of freedoms": "The first type of freedom of association includes the choice to enter into and maintain certain intimate human relationships. * * * The second type of freedom is the right to associate for the purpose of engaging in expressive activity protected by the First Amendment. This includes rights of free speech, assembly, petition for the redress of grievances, and the exercise of religion."[44] (Citation omitted.)

{¶ 34} In *Chicago v. Morales*, the United States Supreme Court stated that the right of association does not encompass "social contact between gang members and others."[45] The Court of Appeals for the Ninth Circuit has also stated that those organizations that commit felonies are not protected by the right of association.[46] Thus, R.C. 2923.42 does not prohibit gang members from enjoying those kinds of associations that are protected by the First Amendment. Furthermore, because individuals cannot be punished under R.C. 2923.42 unless they are active in the gang, have knowledge of its illegal activities, and are in some way linked with the gang's commission of crimes, we cannot say that R.C. 2923.42 violates any other group's rights of free association.[47]

## VI. Conclusion

{¶ 35} Because R.C. 2923.42 is not vague or overbroad and does not violate due-process rights, we must sustain the sole assignment of error. Consequently, we reverse the trial court's judgment and remand these cases for further proceedings in accordance with this opinion and the law.

Judgment reversed
and cause remanded.

HILDEBRANDT, J., concurs.

PAINTER, P.J., dissents.

---

42. *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 528, 709 N.E.2d 1148.

43. See *Roberts v. United States Jaycees* (1984), 468 U.S. 609, 617–618, 104 S.Ct. 3244, 82 L.Ed.2d 462.

44. *State v. Burnett* (2001), 93 Ohio St.3d 419, 424–425, 755 N.E.2d 857, citing *Dallas v. Stanglin* (1989), 490 U.S. 19, 23–24, 109 S.Ct. 1591, 104 L.Ed.2d 18.

45. *Chicago v. Morales*, supra, 527 U.S. at 53, 119 S.Ct. 1849, 144 L.Ed.2d 67.

46. *United States v. Choate* (C.A.9, 1978), 576 F.2d 165, 181.

47. *State v. Williams*, supra, fn. 8.

PAINTER, Presiding Judge, dissenting.

{¶ 36} We are attempting to figure out what the following statute means.

{¶ 37} "(C) 'Criminal conduct' means the commission of, an attempt to commit, a conspiracy to commit, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division (B)(1)(a), (b), or (c) of this section or an act that is committed by a juvenile and that would be an offense, an attempt to commit an offense, a conspiracy to commit an offense, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division (B)(1)(a), (b), or (c) of this section if committed by an adult." R.C. 2923.41.

{¶ 38} This section refers to division (B)(1)(a) through (c), which enlighten us as follows:

{¶ 39} "(B)(1) 'Pattern of criminal gang activity' means, subject to division (B)(2) of this section, that persons in the criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of two or more of any of the following offenses:

{¶ 40} "(a) A felony or an act committed by a juvenile that would be a felony if committed by an adult;

{¶ 41} "(b) An offense of violence or an act committed by a juvenile that would be an offense of violence if committed by an adult;

{¶ 42} "(c) A violation of section 2907.04, 2909.06, 2911.211, 2917.04, 2919.23, or *2919.24* of the Revised Code, section 2921.04 or *2923.16* of the Revised Code, section *2925.03* of the Revised Code if the offense is trafficking in marihuana, or section *2927.12* of the Revised Code."

{¶ 43} Of course, division (B)(1) says that is it subject to division (B)(2), in which we find these provisions:

{¶ 44} "(2) There is a 'pattern of criminal gang activity' if all of the following apply with respect to the offenses that are listed in division (B)(1)(a), (b), or (c) of this section and that persons in the criminal gang committed, attempted to commit, conspired to commit, were in complicity in committing, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in committing:

{¶ 45} "(a) At least one of the two or more offenses is a felony.

{¶ 46} "(b) At least one of those two or more offenses occurs on or after the effective date of this section.

{¶ 47} "(c) The last of those two or more offenses occurs within five years after at least one of those offenses.

{¶ 48} "(d) The two or more offenses are committed on separate occasions or by two or more persons."

{¶ 49} The majority opinion does a yeoman's job in attempting to interpret this language into fathomability.

{¶ 50} But gibberish in, gibberish out. A trial judge, three sets of lawyers, and now three appellate judges cannot agree on what this law means. And we ask police officers, prosecutors, defense lawyers, and citizens to enforce or abide by it?

{¶ 51} The legislature continues to write unreadable statutes. Gibberish should not be enforced as law.