The STATE of Ohio, Appellee,

v.

RUSHTON, Appellant.

[Cite as *State v. Rushton,* 151 Ohio App.3d 654, 2003-Ohio-692.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 49.

Decided Feb. 14, 2003.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Jan O'Halloran, Assistant Prosecuting Attorney, for appellee.

Michael J. Rich, for appellant.

DeGenaro, Judge.

{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs, and an amicus curiae brief filed by the Attorney General. Defendant-appellant, Marvin Rushton II, appeals the decision of the Mahoning County Court of Common Pleas convicting him of engaging in a pattern of criminal gang activity in violation of R.C. 2923.42, a felony of the second degree. The issue we must resolve is whether R.C. 2923.42 is either unconstitutionally vague or unconstitutionally overbroad. Because the statute provides a person of ordinary intelligence with fair notice of what conduct is forbidden and prohibits only criminal behavior, we hold that the statute is neither vague nor overbroad, and we affirm the judgment of the trial court.

{¶ 2} On March 1, 2001, a grand jury indicted Rushton for both engaging in a pattern of criminal gang activity and trafficking in crack cocaine. Rushton then filed a motion to dismiss the count of the criminal gang activity, alleging that R.C. 2923.42 was unconstitutional. The trial court denied Rushton's motion to dismiss, relying upon the parties' briefs and the state's arguments made in relation to the identical claims of codefendants Darnell Wright and Tony Davis.

{¶ 3} On February 13, 2002, Rushton pleaded guilty to trafficking in crack cocaine and pleaded no contest to the charge of engaging in a pattern of criminal gang activity. Rushton timely appealed the judgment finding him guilty on both counts.

{¶ 4} As his first assignment of error Rushton asserts:

{¶ 5} "Section 2923.42 of the Ohio Revised Code is void for vagueness in that it does not sufficiently describe conduct so that the defendant cannot objectively determine what action violates the statute's provision."

{¶ 6} Rushton challenges the constitutionality of R.C. 2923.42, which provides: "(A) No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code, or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code."

{¶ 7} The legislature has offered additional guidance for interpreting this statute in R.C. 2923.41, which provides the following definitions:

{¶ 8} "(A) 'Criminal gang' means an ongoing formal or informal organization, association, or group of three or more persons to which all of the following apply:

{¶ 9} "(1) It has as one of its primary activities the commission of one or more of the offenses listed in division (B) of this section.

{¶ 10} "(2) It has a common name or one or more common, identifying signs, symbols, or colors.

{¶ 11} "(3) The persons in the organization, association, or group individually or collectively engage in or have engaged in a pattern of criminal gang activity.

{¶ 12} "(B)(1) 'Pattern of criminal gang activity' means, subject to division (B)(2) of this section, that persons in the criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of two or more of any of the following offenses:

{¶ 13} "(a) A felony or an act committed by a juvenile that would be a felony if committed by an adult;

{¶ 14} "(b) An offense of violence or an act committed by a juvenile that would be an offense of violence if committed by an adult;

{¶ 15} "(c) A violation of section 2907.04, 2909.06, 2911.211, 2917.04, 2919.23, or 2919.24 of the Revised Code, section 2921.04 or 2923.16 of the Revised Code, section 2925.03 of the Revised Code if the offense is trafficking in marihuana, or section 2927.12 of the Revised Code.

{¶ 16} "(2) There is a 'pattern of criminal gang activity' if all of the following apply with respect to the offenses that are listed in division (B)(1)(a), (b), or (c) of this section and that persons in the criminal gang committed, attempted to commit, conspired to commit, were in complicity in committing, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in committing:

{¶ 17} "(a) At least one of the two or more offenses is a felony.

{¶ 18} "(b) At least one of those two or more offenses occurs on or after the effective date of this section.

{¶ 19} "(c) The last of those two or more offenses occurs within five years after at least one of those offenses.

{¶ 20} "(d) The two or more offenses are committed on separate occasions or by two or more persons.

{¶ 21} "(C) 'Criminal conduct' means the commission of, an attempt to commit, a conspiracy to commit, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division

(B)(1)(a), (b), or (c) of this section or an act that is committed by a juvenile and that would be an offense, an attempt to commit an offense, a conspiracy to commit an offense, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division (B)(1)(a), (b), or (c) of this section if committed by an adult."

{¶ 22} There is a strong presumption in favor of the constitutionality of statutes, and a party must prove unconstitutionality beyond a reasonable doubt. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224, certiorari denied (1991), 501 U.S. 1257, 111 S.Ct. 2904, 115 L.Ed.2d 1067. When a resolution is challenged as unconstitutionally vague, the reviewing court must determine whether the statute provides sufficient notice of its proscriptions and contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. *Perez v. Cleveland* (1997), 78 Ohio St.3d 376, 378, 678 N.E.2d 537.

{¶ 23} In *Anderson,* the Ohio Supreme Court unanimously held with regard to a challenge for vagueness: "In order to prove such an assertion, the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * *' *Coates v. Cincinnati* (1971), 402 U.S. 611, 614 [91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217]. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. Thus, to escape responsibility * * *, appellee must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *Anderson,* 57 Ohio St.3d at 171, 566 N.E.2d 1224.

{¶ 24} Although the parties claim this is a case of first impression in Ohio, several districts have decided this very same issue since the filing of the parties' briefs. In *State v. Williams,* 148 Ohio App.3d 473, 2002-Ohio-3777, 773 N.E.2d 1107, the defendant similarly argued that the terms in R.C. 2923.41 are so vague that a person could not reasonably understand that the statute prohibited the acts in which he engaged. However, the Tenth District concluded that the terms at issue were sufficiently certain to give a defendant reasonable notice of the conduct that the statute prohibits and that the statute was no more susceptible of arbitrary enforcement than other criminal statutes.

{¶ 25} The *Williams* court explained: "[T]he statute requires more than just the knowledge of criminal conduct. A person charged with participating in criminal gang activity must be found to actively participate with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity

and must purposively promote, further, or assist any criminal conduct, as such is defined in R.C. 2923.41(C), or shall purposely commit or engage in any act that constitutes criminal conduct as defined by that same section. R.C. 2923.41(B)(2) then states further requirements before a person may be convicted of engaging in a pattern of criminal gang activity. Contrary to appellant's assertions, taken as a whole, the above statute gives persons of ordinary intelligence fair warning of the proscribed, unprotected conduct and is not unconstitutionally vague." Id. at ¶ 29 and 30.

{¶ 26} We agree with and adopt the Tenth District's conclusion that the statute requires more than just knowledge of criminal activity and therefore is not unconstitutionally vague, as well as the similar rationale in *State v. Stallings*, 150 Ohio App.3d 5, 2002-Ohio-5942, 778 N.E.2d 1110, and in *State v. Bennett*, 150 Ohio App.3d 450, 2002-Ohio-6651, 782 N.E.2d 101. The statute at issue requires *active participation* in the criminal gang. A defendant must *purposely promote, further, or assist criminal conduct* before a he can be found to have violated the statute. Moreover, these terms are specifically defined by the statute. Thus, Rushton's argument that he cannot ascertain from the language of the statute (1) who a person may associate with, (2) how often or how little he can associate, (3) what conduct is permissible, and (4) when it becomes criminal, must fail. Rushton's first assignment of error is meritless.

{¶ 27} As his second assignment of error, Rushton asserts:

{¶ 28} "Ohio Revised Code Section 2923.42 as applied to the defendant is overbroad as it infringes upon constitutionally protected right of freedom of association which is in violation of the 1st and 14th Amendments to the U.S. Constitution and Article 1, Section 3 of the Ohio Constitution."

{¶ 29} With this assignment of error, Rushton argues that the statute is overbroad, as it interferes with the free exercise of his First Amendment rights and legally permissible conduct. We must address this assignment of error, as the failure of Rushton's vagueness challenge does not invalidate his overbreadth challenge. *Gooding v. Wilson* (1972), 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408.

{¶ 30} The First Amendment provides, "Congress shall make no law * * * abridging * * * the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." From these words, the United States Supreme Court has recognized a right of association. *Roberts v. United States Jaycees* (1984), 468 U.S. 609, 617–618, 104 S.Ct. 3244, 82 L.Ed.2d 462. This right of association encompasses two distinct types of freedoms. The first type of freedom of association includes the choice to enter into and to maintain certain intimate human relationships. *Dallas v. Stanglin* (1989), 490 U.S. 19, 23–24, 109 S.Ct. 1591, 104 L.Ed.2d 18; *Roberts*, 468 U.S. at 617–618, 104 S.Ct. 3244, 82

L.Ed.2d 462. These types of associations are those traditional personal bonds that have " 'played a critical role in the culture and traditions of the Nation by cultivating and transmitting shared ideals and beliefs.' " *FW/PBS, Inc. v. Dallas* (1990), 493 U.S. 215, 237, 110 S.Ct. 596, 107 L.Ed.2d 603, quoting *Roberts,* 468 U.S. at 618–619, 104 S.Ct. 3244, 82 L.Ed.2d 462. Accordingly, these relationships are protected as fundamental, personal liberties. *Roberts,* 468 U.S. at 618, 104 S.Ct. 3244, 82 L.Ed.2d 462. The second type of freedom is the right to associate for the purpose of engaging in expressive activity protected by the First Amendment. *Stanglin,* 490 U.S. at 24, 109 S.Ct. 1591, 104 L.Ed.2d 18. This includes rights of free speech, assembly, petition for the redress of grievances, and the exercise of religion. Id.

{¶ 31} Although the right to associate has been recognized regarding social associations, it has never been held to apply to the right of an individual to associate for purposes purely social in character. See id. More importantly, no individual or group of individuals has a right to gather for an illegal activity. *Akron v. Holley* (1989), 53 Ohio Misc.2d 4, 9, 557 N.E.2d 861.

{¶ 32} Accordingly, a statute must be carefully drawn or authoritatively construed to punish only unprotected conduct and not be susceptible of application to protected expression. *Gooding,* 405 U.S. at 522, 92 S.Ct. 1103, 31 L.Ed.2d 408. A clear and precise penal statute may nevertheless be unconstitutionally overbroad if it substantially prohibits activities protected by the First Amendment. *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S.Ct. 2294, 33 L.Ed.2d 222. The crucial question is whether the statute sweeps within its prohibitions a substantial amount of conduct that may not be punished under the First and Fourteenth Amendments. Id. at 115, 92 S.Ct. 2294, 33 L.Ed.2d 222.

{¶ 33} Rushton contends that the statute infringes upon his right of association guaranteed under the First and Fourteenth Amendments to the United States Constitution and Section 3, Article I of the Ohio Constitution. The Tenth, Ninth, and First Districts were also presented with this argument, and once again, we agree with their rationale in concluding that the statute is not unconstitutionally overbroad. See *Williams, Stallings,* and *Bennett.* "The statute requires that the active member with guilty knowledge has specific intent or purpose to further the group's criminal conduct before they may be prosecuted. As such, the statute does not impermissibly establish guilt by association alone as appellant contends. * * *. Furthermore, the commission of a felony is not a protected activity even when it is committed by a group exercising their constitutional right to free association. See *United States v. Choate* (C.A.9, 1978), 576 F.2d 165." *Williams,* 148 Ohio App.3d 473, 773 N.E.2d 1107, at ¶ 33.

{¶ 34} The defendant in *Williams* contended, as Rushton does here, that the statute was unconstitutionally overbroad because it could conceivably interfere

with the free exercise of others' First Amendment rights and legally permissible conduct such as "Greenpeace, the NAACP in the 1960's, the Republican Party during the Iran/Contra era [and] the African National Congress." The *Williams* court concluded, however, that "a statute is not overbroad merely because one may conceive of a single impermissible application but only if it prohibits a substantial amount of protected conduct." *Williams*, 148 Ohio App.3d 473, 773 N.E.2d 1107, at ¶ 34, citing *Osborne v. Ohio* (1990), 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98. "Furthermore, both the Ohio and United States Constitutions' protection of free association do not provide protection for associations made in furtherance of crimes or criminal conspiracy. The act of associating with compatriots in the commission of a crime is not a protected associational right." Id.

{¶ 35}  Finally, the *Williams* court commented, "R.C. 2923.42 requires that a person knowingly and actively participate in the criminal gang and have the specific intent to further the gang's unlawful goals before that person may be prosecuted. The statute requires more than the mere voluntary association asserted by appellant. As such, the statute does not unconstitutionally establish guilt by association alone, nor does it unconstitutionally punish nominal, inactive purely technical, or passive membership, even if such is accompanied by knowledge and intent." Id., 148 Ohio App.3d 473, 773 N.E.2d 1107, at ¶ 35.

{¶ 36}  In addition to the three cases that have already been decided on this issue, although not directly on point, we find case law regarding the Ohio RICO statute helpful to our analysis. R.C. 2923.32(A) states, "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

{¶ 37}  In *State v. Woods* (Sept. 5, 1997), 1st Dist. No. C–950954, 1997 WL 602963, a defendant convicted of violating the RICO statute argued that the statute chilled his right of association and was therefore unconstitutional. However, the First District concluded that the statute did not reach any substantial amount of protected activity. The court explained:

{¶ 38}  "Woods was not charged, nor could he have been charged, under the Ohio RICO statute merely for associating with criminals such as the Alexander brothers. Had Woods merely befriended the sibling thieves and engaged with them in any number of legitimate social activities, the Ohio RICO statute would not have reached any such activity. Rather, in order to run afoul of the statute, it was necessary that Woods not only associate with the two brothers, but that he combine with them to form a criminal enterprise to engage in a 'pattern of corrupt activity.' Such criminal conduct is so far separated from the legitimate association protected by the constitution that it is specious to suggest that a

proscription of the former chills the latter. Simply because an anti-racketeering statute acts as a potential constraint upon the behavior of someone who chooses to knowingly consort with criminals does not mean that the statute violates that person's First Amendment right of association." Id. at 7.

{¶ 39} Likewise, in the present case, we conclude that the statute cannot be deemed overbroad because it does not encompass any activity that would be protected by the First Amendment. More specifically, the statute does not make criminal the somewhat innocent act of being in a gang or associating with a gang. Instead, it prohibits only clearly delineated criminal activity that takes place within a gang context. Consequently, Rushton's second assignment of error is meritless.

{¶ 40} Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.

VUKOVICH and GENE DONOFRIO, JJ., concur.