THE STATE, EX REL. GAREAU, *v.* STILLMAN ET AL.

(No. 69-251—Decided April 30, 1969.)

64

*Mr. Michael R. Gareau,* for relator.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John L. Dowling,* for respondents.

*Per Curiam.* The controversy in this case revolves around the meaning of the phrase ''calendar year'' as used in Section 3513.191, Revised Code.

It is relator's contention that such phrase has a well-defined and customary meaning of from January 1 to December 31.

Respondents urge that such phrase merely means the passage of 365 days. Respondents argue that a liberal construction should be given to such phrase to enable persons to become candidates for public office.

It is a fundamental principle of statutory construction that words in a statute should be construed in their ordinary and natural meaning, and be given the meaning ordinarily attributed to them unless a different intention appears in the statute. See 50 Ohio Jurisprudence 2d 156, Statutory Construction, Section 181.

The words ''calendar year'' are commonly and ordinarily accepted as meaning the period of time from January 1 through December 31. *People, ex rel. Shaklee,* v. *Milan,* 89 Colo. 556, 5 P. 2d 249; *Metzer* v. *Connally Realty Co.* 75 Ga. App. 274, 43 S. E. 2d 169; *Newman* v. *Fair Lawn,* 31 N. J. 279, 157 A. 2d 314; *State* v. *Van Gunten,* 84 Ohio St. 172.

In construing any legislative enactment, consideration of the legislative proceedings is helpful in determining the meaning and purpose of the act.

The legislative proceedings in relation to Section 3513.191, Revised Code, show that it was enacted in its present form in 1955. As originally introduced this section read, in part, as follows: "* * * he voted as a member of a different political party within the next preceding two years." However, the Ohio Senate Journal (Volume 126, page 277) shows that the bill was amended in the Senate by inserting the word "calendar." The two-year period was later amended in the same bill to four years.

Thus, in the instant case an examination of the legislative history of the section clearly shows that the General Assembly knowingly and intentionally used the words "calendar year" in this section.

It is obvious that the amendment in the Senate must have been made with a purpose. The only purpose of changing the general word "year," which means a period of 365 days and which is susceptible of different meanings so far as the time within which the 365-day period should begin and end, to the specific words "calendar year" would be to adopt words which have a definite and common meaning as to the beginning and ending of the 365-day period which constitutes a year.

As pointed out above, the words "calendar year" designate a period of time from January 1 through December 31.

The candidate in the instant case did vote as a Democrat within the next four preceding calendar years. He thus is not eligible to be a Republican candidate in the May 6, 1969, primary election.

The demurrer to the petition is overruled and the writ of prohibition is allowed.

*Writ allowed.*

MATTHIAS, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.

TAFT, C. J., and ZIMMERMAN, J., not participating.