**The STATE of Ohio, Appellee,**

v.

**STALLINGS, Appellant.**

[Cite as *State v. Stallings,* 150 Ohio App.3d 5, 2002-Ohio-5942.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20987.

Decided Oct. 30, 2002.

**8**

Kirk A. Migdal, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

---

SLABY, Presiding Judge.

{¶ 1}   Defendant, Allen J. Stallings, appeals from his convictions for possession of cocaine and criminal gang activity in the Summit County Court of Common Pleas.  We affirm.

{¶ 2}   On July 10, 2000, the Summit County Grand Jury indicted defendant on possession of cocaine, in violation of R.C. 2925.11(A).  Thereafter, a supplemental indictment was filed, wherein the grand jury indicted defendant on criminal gang activity, in violation of R.C. 2923.42(A).  Another supplemental indictment was filed and the grand jury indicted defendant on three additional counts: (1) criminal gang activity, in violation of R.C. 2923.42(A); (2) receiving stolen property, in violation of R.C. 2913.51(A); and (3) trafficking in marijuana, in violation of R.C. 2925.03(A)(2).  Defendant contended that R.C. 2923.42(A) was unconstitutional and, therefore, moved to dismiss both counts of criminal gang activity.  The trial court found R.C. 2923.42(A) constitutional and denied defendant's motion to dismiss.

{¶ 3}   Defendant subsequently pled no contest to the charge of possession of cocaine and the charge of criminal gang activity, as contained in the initial supplemental indictment, and the remaining three charges were dismissed.  The trial court found defendant guilty of possession of cocaine and criminal gang activity and sentenced him accordingly.  Defendant timely appeals and raises one assignment of error for review.

## ASSIGNMENT OF ERROR

{¶ 4}   "The trial court erred when it denied [defendant's] motion to dismiss count's [sic] two and three of the indictment on constitutional grounds."

{¶ 5}   In his sole assignment of error, defendant contends that the trial court erroneously denied his motion to dismiss the two counts of criminal gang activity. Defendant's contention rests on his assertion that R.C. 2923.42(A) is facially unconstitutional.  Particularly, defendant asserts that R.C. 2923.42(A) violates the United States and Ohio Constitutions because it is vague, criminalizes membership in an organization, and inflicts cruel and unusual punishment. Defendant's contention lacks merit.

{¶ 6}  An appellate court reviews a trial court's denial of a motion to dismiss de novo. *State v. Benton* (2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046.  Thus, an appellate court does not give deference to the determination of the trial court. *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721, 756 N.E.2d 1258.  See, also, *Tamarkin Co. v. Wheeler* (1992), 81 Ohio App.3d 232, 234, 610 N.E.2d 1042.

{¶ 7}  All statutes enjoy a strong presumption of constitutionality. *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 538, 706 N.E.2d 323; *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 307, 681 N.E.2d 430.  "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.  The party challenging the constitutionality of the statute bears the burden of proving its constitutional infirmity. *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 61, 676 N.E.2d 506, quoting *Fabrey v. Mc-Donald Village Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31; *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 38–39, 616 N.E.2d 163.  To prove the constitutional infirmity of a statute, the challenger must demonstrate that a clear conflict exists between the statute and some particular provision or provisions of the United States or Ohio Constitution. *Xenia v. Schmidt* (1920), 101 Ohio St. 437, 130 N.E. 24, paragraph two of the syllabus.  Accordingly, R.C. 2923.42 enjoys the presumption of constitutional validity, and the burden lies on defendant to demonstrate its constitutional shortcomings.

{¶ 8}  R.C. 2923.42(A) provides:

{¶ 9}  "No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in [R.C. 2923.41(C) ], or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in [R.C. 2923.41(C) ]."

{¶ 10}  We will now separately discuss each of defendant's constitutional challenges.

### Vagueness

{¶ 11}  Defendant argues that R.C. 2923.42(A) is void for vagueness and, thus, constitutes a denial of due process under the United States Constitution and the Ohio Constitution.  As the federal and state vagueness analysis is identical, they will be addressed jointly. *State v. Williams,* 148 Ohio App.3d 473, 2002-Ohio-3777, 773 N.E.2d 1107, at ¶ 11.

{¶ 12} Under the basic principles of due process, a statute is void for vagueness if its prohibitions are not clearly defined. *Grayned v. Rockford* (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222. Further, a statute is void for vagueness if its terms invite arbitrary or discriminatory enforcement. *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903. However, a statute does not need to avoid all vagueness. See *Grayned*, 408 U.S. at 110, 92 S.Ct. 2294, 33 L.Ed.2d 222. As statutes are restricted to the use of words, there will always be uncertainties because we cannot expect strict certainty from our language. Id. Therefore, a statute will not be deemed void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them as to the generally prohibited conduct. *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 607, 93 S.Ct. 2908, 37 L.Ed.2d 830; *Coates v. Cincinnati* (1971), 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214. See *Colten v. Kentucky* (1972), 407 U.S. 104, 110, 92 S.Ct. 1953, 32 L.Ed.2d 584. The Ohio Supreme Court has specified that the void-for-vagueness doctrine implicates various values:

{¶ 13} "[F]irst, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure the fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 472 N.E.2d 689.

{¶ 14} Defendant specifically argues that R.C. 2923.42(A) is void for vagueness for two reasons. First, the statute requires an individual to "actively participate" in a criminal gang; however, the statute fails to define the term "active" in the statute. Second, the statute states that an individual shall "purposely promote, further, or assist any criminal conduct"; yet, an individual cannot reasonably know what actions constitute promoting or furthering criminal conduct in violation of the statute. To facilitate review, we will separately address the statutory language that defendant argues is void for vagueness.

### "Actively Participate"

{¶ 15} When construing the relevant provisions of a statute, this court strives to ascertain and effectuate the legislature's intent. See, e.g., *Black–Clawson Co. v. Evatt* (1941), 139 Ohio St. 100, 104–106, 22 O.O. 63, 38 N.E.2d 403; *State ex rel. Myers v. Spencer Twp. Bd. of Edn.* (1917), 95 Ohio St. 367, 373, 116 N.E. 516. As the statutory language provides the most reliable indicator of that intent, we turn to the words themselves. *Layman v. Woo* (1997), 78 Ohio St.3d

485, 487, 678 N.E.2d 1217, citing *State ex rel. Gareau v. Stillman* (1969), 18 Ohio St.2d 63, 64, 47 O.O.2d 187, 247 N.E.2d 461. When a term is not defined by statute, it is accorded its common, ordinary meaning. *Cleveland v. GSX Chem. Servs. of Ohio, Inc.* (May 7, 1992), 8th Dist. No. 60512, 1992 WL 95735. Furthermore, R.C. 1.42 states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."

{¶ 16} The common and ordinary meaning of "actively" is "characterized by action rather than by contemplation or speculation" or "being in a state of action; not passive or quiescent." Webster's Ninth New Collegiate Dictionary (1984) 54; American Heritage Dictionary (3d Ed.1992) 18. The common and ordinary meaning of "participates" is "to take part in something (as an enterprise or activity)[.]" Webster's Third International Dictionary (1993) 1646. Accordingly, an individual " 'actively participates' in some enterprise or activity by taking part in it in a manner that is not passive." *People v. Castenada* (2000), 23 Cal.4th 743, 747, 97 Cal.Rptr.2d 906, 3 P.3d 278. As applied to R.C. 2923.42(A), the common and ordinary meaning of "actively participates in a criminal gang" is involvement with a criminal gang that is more than nominal or passive. See id., interpreting "actively participates in any criminal street gang," which is contained in Cal.Penal Code 186.22(a),[1] to mean involvement that is more than passive. See, also, *Helton v. State* (1993), 624 N.E.2d 499, 510, fn. 15 (construing Indiana's Gang Statute, Ind.Code 35–45–9–3,[2] requirement that one "actively participate[s] * * * in a group" to require more than mere nominal, inactive, purely technical, or passive membership). Consequently, after applying the common and ordinary meaning of "actively participates," we find that R.C. 2923.42(A) is not void for vagueness due to its failure to define these terms. See *Helton*, 624 N.E.2d at 507 (rejecting void-for-vagueness challenge to Ind.Code 35–45–9–3 prohibiting active participation in criminal street gang); *Castenada*, 23 Cal.4th at 752, 97 Cal. Rptr.2d 906, 3 P.3d 278 (finding that legislature's wording of "actively participates," as contained in Cal.Penal Code 186.22(a), is not void for vagueness).

#### "Purposely Promote, Further, or Assist Any Criminal Conduct"

{¶ 17} R.C. 2923.42(A) provides that criminal liability will not be imposed unless the defendant has "purposely promot[ed], further[ed], or assist[ed] any criminal conduct." As Ohio has yet to specifically address this

---

1. Cal.Penal Code 186.22(a) provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished * * *."

2. Indiana's Gang Statute states: "A person who knowingly or intentionally actively participates in a criminal gang commits criminal gang activity, a Class D felony."

language,[3] we turn to California law for guidance. In particular, we find that the language of R.C. 2923.42(A) virtually mirrors Cal.Penal Code 186.22(a), which imposes liability on a defendant who "willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang[.]" In *People v. Green* (1991), 227 Cal.App.3d 692, 703–704, 278 Cal.Rptr. 140, the court found that the language of 186.22(a) was synonymous with the definition of an aider and abettor of a crime[4] and, therefore, the phrase was well defined and not void for vagueness. In Ohio, an aider and abettor of a crime is one who "assist[s] or facilitate[s] the commission of a crime, or [who] promote[s] its accomplishment." *State v. Johnson* (2001), 93 Ohio St.3d 240, 243, 754 N.E.2d 796; *Horstman v. Farris* (1999), 132 Ohio App.3d 514, 527, 725 N.E.2d 698; *State v. Sims* (1983), 10 Ohio App.3d 56, 58, 10 OBR 65, 460 N.E.2d 672; *State v. Jones,* 7th Dist. No. 97CA99, 2002-Ohio-2660, at ¶ 36. As the definition of an aider and abettor, under Ohio law, is practically identical to the language contained in R.C. 2923.42(A), and in conjunction with the determination in *Green,* we also find that the phrases should be viewed as synonymous. Therefore, for a defendant to be criminally liable under R.C. 2923.42(A), he would also have to be criminally liable as an aider or abettor to a crime committed by a fellow gang member or members. See *Green,* 227 Cal.App.3d at 704, 278 Cal.Rptr. 140. Accordingly, "purposely promot[ed], further[ed], or assist[ed] any criminal conduct" has been well defined under Ohio law. Consequently, R.C. 2923.42(A) is not void for vagueness due to its inclusion of this language.

{¶ 18} We hold that defendant has failed to prove beyond a reasonable doubt that R.C. 2923.42(A) is void for vagueness.

### Criminalizes Membership in an Organization

{¶ 19} Defendant next argues that R.C. 2923.42(A) is unconstitutional because it criminalizes membership in an organization. However, before an individual can be charged with and convicted of criminal gang activity, the statute requires an express showing that (1) the individual actively participates in a criminal gang, with knowledge of the criminal gang; (2) the individual engages in or has engaged in the pattern of criminal gang activity; and (3) the individual purposely promotes, furthers, or assists any criminal conduct. *Williams* at ¶ 17.

---

3. We note that the Tenth District Court of Appeals, in *Williams* at ¶ 14, found that R.C. 2923.42(A) was not unconstitutionally vague; however, the court did not specifically discuss the challenged language of this appeal.

4. Under California law, an aider and abettor of a crime is defined as a person who "with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime." *Green,* 227 Cal.App.3d at 703, 278 Cal.Rptr. 140.

As such, the state may not prosecute an individual unless he has the specific intent or purpose to further the gang's criminal actions. Id. Therefore, R.C. 2923.42(A) does not unconstitutionally criminalize membership in an organization because "the statute does not impermissibly establish guilt by association alone[.]" Id., citing *Helton*, 624 N.E.2d at 508–509. Moreover, the right to association, as guaranteed by the United States and Ohio Constitutions, does not provide protection to those organizations that commit a felony. See *United States v. Choate* (C.A.9, 1978), 576 F.2d 165, 181.

{¶ 20} Defendant has failed to demonstrate that R.C. 2923.42(A) is unconstitutional on the basis that it criminalizes membership in an organization.

Inflicts Cruel and Unusual Harm

{¶ 21} Finally, defendant argues that R.C. 2923.42(A) is unconstitutional because it inflicts cruel and unusual harm. In particular, defendant claims that an individual's mere membership in the organization would subject him to prosecution, thereby inflicting cruel and unusual punishment. However, we have already determined that R.C. 2923.42(A) does not criminalize mere membership in an organization. Consequently, R.C. 2923.42(A) does not inflict cruel and unusual punishment because the state could not prosecute an individual for merely being a member in an organization. Accordingly, we find that R.C. 2923.42(A) cannot be deemed unconstitutional on this basis.

{¶ 22} As defendant has failed to satisfy his burden of establishing the unconstitutionality of R.C. 2923.42(A) beyond a reasonable doubt, we conclude that the trial court did not err in denying defendant's motion to dismiss both counts of criminal gang activity. Appellant's sole assignment of error is overruled.

{¶ 23} Defendant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

CARR and WHITMORE, JJ., concur.