DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} This cause is before this Court pursuant to remand by the Supreme Court of Ohio. The Supreme Court reversed this Court's judgment in Whitaker v. M.T. Automotive, Inc., 9th Dist. No. 21836,2004-Ohio-7166 ("Whitaker I"), and remanded the cause to this Court for further consideration of M.T. Automotive, Inc.'s ("Montrose") first and second assignments of error vis-à-vis whether the sufficiency and weight of the evidence supports an award of non-economic damages. This Court reverses. *Page 2 
 {¶ 2} "On January 11, 2002, [Craig Whitaker ("Whitaker")] filed suit against [Montrose], alleging claims of fraud, breach of contract, conversion, and violation of the Consumer Sales Practices Act [("CSPA")]. Each of the claims arose from the parties' unfruitful efforts to negotiate an automobile lease." Whitaker I at ¶ 2.
 {¶ 3} "The matter proceeded to a jury trial on May 28, 2003. At the close of [Whitaker's] case, the trial court granted a directed verdict in favor of [Montrose] on [Whitaker's] fraud claim. At the close of all the evidence, [Whitaker] withdrew his breach of contract claim. The jury returned a verdict in favor of [Whitaker] on his two remaining claims, conversion and violation of the CSPA" and awarded Montrose $105,000 in damages related to its unfair and deceptive trade practice, which damages were trebled to $315,000. Id. at ¶ 3.
 {¶ 4} Montrose timely appealed, raising three assignments of error. Whitaker timely cross-appealed, raising one assignment of error. This Court sustained Montrose's first and third assignments of error, rendering Montrose's second assignment of error moot. Whitaker's assignment of error on his cross-appeal was overruled. We then remanded the matter back to the trial court to enter judgment for Whitaker of statutory damages and to conduct additional proceedings related to the award of attorney fees. Whitaker appealed our decision to the Supreme Court. *Page 3 
 {¶ 5} Pursuant to the order remanding this matter for our consideration, we will only consider Montrose's first and second assignments of error as they relate to whether there is sufficient evidence to support an award of non-economic damages.
 Assignment of Error No. 1 "THE JURY'S DAMAGE AWARD ON [WHITAKER'S] OHIO CONSUMER SALES PRACTICES ACT CLAIMS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IT, ALONG WITH THE TRIAL COURT'S TREBLING OF IT, MUST BE REVERSED."
 Assignment of Error No. 2 "THE JURY'S DAMAGE AWARD ON [WHITAKER'S] OHIO CONSUMER SALES PRACTICES ACT CLAIMS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IT, ALONG WITH THE TRIAL COURT'S TREBLING OF IT, MUST BE REVERSED."
 {¶ 6} In its first and second assignments of error, Montrose maintains that Whitaker failed to provide evidence sufficient to support the damage award on his CSPA claim and that such award was against the manifest weight of the evidence. Whitaker argues that sufficient evidence was presented to sustain both an award of economic and non-economic damages. We disagree with Whitaker.
 {¶ 7} In our opinion dated December 29, 2004, we held that the Whitaker failed to provide evidence sufficient to support an award of damages and found Whitaker's second assignment of error rendered moot by our holding related to the first assignment of error. Because the damages at issue were awarded under the *Page 4 
CSPA, we considered only economic damages under the authority of Marronev. Phillip Morris, USA, Inc., 9th Dist. No. 03CA0120-M, 2004-Ohio-4874, at ¶ 25. The Supreme Court of Ohio distinguished the Marrone case and ordered this court to consider whether sufficient evidence was presented to support the damages award if such damages were non-economic in nature, thereby implying that an award of non-economic damages might be proper even where the evidence does not support an award of economic damages. Whitaker v. M.T. Automotive, Inc. (2006), 111 Ohio St.3d 177,2006-Ohio-5481, at ¶ 24 ("Whitaker II).
 {¶ 8} Non-economic damages in the context of CSPA claim have included "damages for inconvenience, aggravation, frustration, and humiliation for misrepresentations;" Whitaker II at ¶ 20, citing Damask v. ModernCommunications, Ltd. (Sep. 13, 2000), Lucas C.P. No. CI-99-3859; "embarrassment;" Whitaker II at ¶ 20, citing Becker v. Montgomery,Lynch (Feb. 26, 2003), N.D. Ohio No. Civ.A. 1:02CV 874; and "mental stress." Whitaker II at ¶ 20, citing Lamb v. M M Assoc, Inc. (Sept. 1, 1998), S.D. Ohio No. C-3-96-463. The Supreme Court also found inWhitaker II that courts interpreting comparable federal consumer-protection laws have found non-economic damages, including for humiliation, mental distress, and anguish, to be properly included as actual damages. Whitaker II at ¶ 21 (internal citations omitted). With regard to non-economic damages, this Court has held that "`[evidence relative to pain and suffering in damage evaluations is within the province of the fact-finder.'" *Page 5 Bradley v. Cage (Feb. 27, 2002), 9th Dist. No. 20713, at *2, quotingBaughman v. Krebs (Dec. 10, 1998), 8th Dist. No. 73832, at *4.
 {¶ 9} Montrose asserts that even if non-economic damages are considered a part of actual damages under the CSPA, Whitaker has failed to link any of his alleged non-economic injury (embarrassment, inconvenience, frustration, and general distress) to any action of Montrose. Rather, to the extent Whitaker was so injured, Montrose maintains that such injury was caused by his poor credit rating, which did not allow Montrose to sell the truck to Whitaker under the terms originally proposed.
 {¶ 10} Having already found the award of economic damages to be unsupported by the evidence in Whitaker I, our review here is limited to whether the evidence supports an award of $105,000 in non-economic damages. Montrose does not address how non-economic damages are to be calculated, noting only that an aggrieved party "must demonstrate at a minimum, considerable embarrassment and humiliation" to be entitled to damages for these injuries. Butler v. Sterling (C.A. 6 2000), C.A. No. 98-3223, at *8.
 {¶ 11} Whitaker asserts that non-economic damages need not be calculated with mathematical certainty nor supported by evidence establishing an exact amount attributable to non-economic injury. Whitaker asserts that the amount and measure of non-economic damages is within the province of the jury and that the jury here properly awarded $105,000 in damages, which properly consisted of *Page 6 
both economic and non-economic damages. While the cases cited by Whitaker are instructive on the general issue of non-economic and/or consequential damages, none of the cases cited by Whitaker were for a violation of the CSPA.
 {¶ 12} Moreover, while the Supreme Court of Ohio noted that Ohio courts have upheld non-economic damage awards in CSPA cases, none of the cases cited in the Supreme Court's remand order or cases noted above discuss how these damages are to be calculated.
 {¶ 13} Montrose's first assignment of error is that the jury's award of damages for Montrose's violation of the CSPA is not supported by sufficient evidence while its second assignment of error is that the damage award is against the manifest weight of the evidence. Inasmuch as a court cannot weigh the evidence unless there is evidence to weigh, this Court will first consider Montrose's first assignment of error that the damage award is not supported by sufficient evidence, which renders Montrose's second assignment of error moot. See Chicago Ornamental IronCo. v. Rook, 93 Ohio St. 152, 156 (1915).
 {¶ 14} Applying the sufficiency of the evidence standard, a court of appeals need only affirm a trial court if ""`the evidence is legally sufficient to support the jury verdict as a matter of law.'""Bryan-Wollman v. Domonko (2007), 115 Ohio St.3d 291, 2007-Ohio-4918, at ¶ 3, quoting State v. Thompkins (1997), 78 Ohio St.3d 380, 388, quoting Black's Law Dictionary (6th Ed.1990) 1443. *Page 7 
 {¶ 15} The jury found that Montrose engaged in conduct that violated the CSPA, R.C. 1345.02(B)(l) (5) and (10), R.C. 1345.02(F)(1); R.C.1345.03(B), and O.A.C. § 109:4-3-03(B)(4), 109:4-07, 109:4-09, 109:4-16(B)(22); and Section 1667, Title 15, U.S. Code et seq., i.e., the Consumer Leasing Act. Specifically, the jury found that Montrose committed unfair and deceptive trade practices by:
 A. representing that the subject of the consumer transaction has approval or benefits it does not have.
 B. representing that the subject of the consumer transaction has been supplied in accordance with a previous representation when it was not.
 C. representing that the subject of the consumer transaction involves or does not involve certain rights, remedies or obligations if the representation is false.
 D. accepting a deposit without giving Whitaker a dated receipt stating a description of the vehicle, the cash selling price, the time during which the dealer will hold the goods pursuant to the deposit, whether the deposit is refundable and under what conditions, and any additional costs such as delivery charges.
 E. failing to mark Consumer Lease Act disclosures as estimates.
 F. failing to integrate into any written contract all material statements, representations, or promises, oral or written, made prior to obtaining Whitaker's signature on the written contract with the dealer.
 G. attempting to persuade Whitaker, after the sale, to repudiate the purchase of goods and services and purchase other goods and services in their stead, by any means, including accepting a consideration for the offered goods or services, then switching the consumer to other goods or services. *Page 8 
 H. knowingly breaching a contract with Whitaker;
 I. misleading Whitaker to falsely believe that a warranty was included in the transaction;
 J. failing to refund Whitaker's deposit within eight weeks after the cancellation of the transaction.
 K. entering into a consumer transaction while knowing at the same, time of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction.
The jury also found that such acts were not a result of bona fide error and were made knowingly.
 {¶ 16} Here, Whitaker asserts the following testimony supports his claim for non-economic damages:
 1. Whitaker "was visibly upset."
 2. Whitaker "had been proud of his truck, and had shown it off to family and friends."
 3. Whitaker "was embarrassed, and had to explain to family and friends why he no longer had the vehicle he had showed off to them just days earlier."
 4. "Without a vehicle, [Whitaker] had to rely on others for transportation, and on more than one occasion, he was stuck at work while waiting for a ride home. He was unable to go places and do the things he would have been able to do."
 5. Whitaker "was disturbed not only about his own inconvenience, but about the inconvenience he was causing to his family and people he cared about." *Page 9 
 6. Whitaker "was also frustrated about the conduct of Montrose in trying to coerce him to go through with the revised deal."
 7. Whitaker "had to borrow money from his parents to get a replacement vehicle" and he "felt bad about having to borrow, since he didn't know how badly he put them out of place to lend him money."
 8. Whitaker "had been proud of getting approved for a loan on his own" and "when he had to borrow from [his parents], he was upset and frustrated[.]"
 9. Whitaker "was upset that he was being jerked around, and he felted cheated and defrauded."
 10. "After all Montrose put him through with the deal, Montrose came to the trial and suggested to the jury that [Whitaker] had taken his own stereo, and the truck was delivered to [Montrose] with a hole in the dash. The suggestion was false."
 {¶ 17} The version of R.C. 1345.09(B) existing at the time of the incident states: "the consumer may * * * recover * * * three times the amount of his actual damages or two hundred dollars, whichever is greater" for violations of the CSPA. Whitaker has not established any non-economic actual damages. While it is clear that Whitaker was embarrassed, frustrated and inconvenienced by the fact that he was not able to buy the truck pursuant to the terms of the deal Whitaker asserts he originally had with Montrose, it is not clear that Whitaker's embarrassment, frustration, inconvenience, etc. is connected to the jury's finding of any specific unfair and deceptive trade practice committed by Montrose. The jury made no finding as to why Whitaker was not able to buy the truck; it only concluded that *Page 10 
Montrose had violated various provisions of the CSPA. Neither did the jury did make a finding as to whether these violations prevented Whitaker from buying the truck. Thus, the required nexus between Whitaker's non-economic damages and Montrose's violation of the CSPA is missing and the award of non-economic damages, under the facts of this case, is insufficient as a matter of law.[1]
 {¶ 18} Based upon the opinion of the Court, Montrose's first assignment of error is sustained. Montrose's second assignment of error is rendered moot by our disposition of the first. See App.R. 12(A)(1)(c). This matter is remanded to the trial court to enter judgment in favor of Whitaker for statutory damages as set forth in the version of R.C. 1345.09(B) in effect at the time of judgment.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 11 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
LYNN C. SLABY FOR THE COURT
BAIRD, J. CONCURS
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] We acknowledge receipt of the parties' supplemental briefing on the issue of S.B. 117, but are not reaching the merits of its applicability given our holding that Whitaker has not established any non-economic damages that could be attributed to the conduct of Montrose.