DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} The Akron Police Department SWAT Unit raided a house allegedly within the territory of a criminal gang called the North Side Gangsters. Inside the house, they found eight people, including Defendants Robert L. Hairston and Gary A. Griffin. The police also found multiple drugs, guns, and items used to manufacture drugs. Messrs. Hairston and Griffin were charged with and convicted of possession of crack cocaine, trafficking in cocaine, possession of marijuana, *Page 2 
possession of criminal tools, and criminal gang activity. This Court affirms Mr. Hairston's conviction for possession of marijuana, but reverses his other convictions because they were not supported by sufficient evidence. It reverses all of Mr. Griffin's convictions because they also were not supported by sufficient evidence.
 FACTS {¶ 2} A couple of days before the raid, an informant helped the police acquire a search warrant for the house by purchasing drugs from its residents in a controlled buy. Mr. Hairston and Mr. Griffin did not own or reside at the house and were not named in the warrant. In fact, Mr. Griffin entered the house only ten minutes before the raid. When the SWAT team arrived, the officers decided to enter the house through the front and back doors. They knocked and announced their presence and then deployed a percussion grenade to disorient the people inside the house. Upon entering, the officers going through the front door collided with Mr. Hairston, who was running up a staircase that went from the living room to the second floor.
 {¶ 3} Mr. Griffin was found standing in a corner of the living room with no money or contraband on him. Mr. Hairston, having fled the living room, was found hiding in an upstairs bedroom closet with $68 in his possession. Six other people were found in the living room, on a couch in the dining room, or in an upstairs bedroom. *Page 3 
 {¶ 4} After the SWAT team secured the house, Narcotics Unit officers began their investigation. In the kitchen, they found plates and Pyrex dishes with cocaine residue on them and a small piece of crack cocaine. They also found scales and baggies used to package crack cocaine. In the dining room, they found crack cocaine lying on the floor next to a couch and two handguns in the couch. In the living room, they found a plastic bag containing 47.7 grams of crack cocaine lying in the middle of a couch that was facing the front door. They also found a shotgun behind the couch and a bag of marijuana on a landing near the bottom of the staircase. They found a bag of marijuana on the front porch, and, on the second floor, they found fourteen ecstasy pills and over $2500 in cash.
 {¶ 5} Following the raid, the police began building a gang case against Messrs. Hairston and Griffin. Inside Mr. Hairston's father's home, where Mr. Hairston received his mail but no longer lived, the police discovered a door covered with graffiti denoting the North Side Gangsters. The police also noted that, in 2005, Mr. Griffin was arrested in a drug house at the same time as a known gang member.
 {¶ 6} Messrs. Hairston and Griffin have assigned multiple errors. They have argued that there was insufficient evidence to convict them and that their convictions were against the manifest weight of the evidence. Mr. Hairston has also argued that the criminal gang statute is unconstitutional and that the trial court erred by permitting his prior convictions for cocaine possession to be highlighted *Page 4 
by the State. Mr. Griffin has also argued that the prosecutor engaged in misconduct during closing argument.
 SUFFICIENCY OF THE EVIDENCE {¶ 7} Messrs. Hairston's and Griffin's first assignments of error are that there was insufficient evidence to support their convictions. Whether a conviction is supported by sufficient evidence is a question of law this Court reviews de novo. State v. Thompkins,78 Ohio St. 3d 380, 386 (1997); State v. West, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an average juror of the defendants' guilt. State v. Jenks,61 Ohio St. 3d 259, paragraph two of the syllabus (1991).
 POSSESSION {¶ 8} Defendants were convicted of violating Sections 2923.24 and2925.11 of the Ohio Revised Code. Section 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Section 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 9} Section 2925.01(K) defines "possession" as "having control over a thing or substance. . . ." It may be actual or constructive. State v.McShan, 77 Ohio App. 3d 781, 783 (1991). Constructive possession is demonstrated if drugs *Page 5 
are in a defendant's dominion or control. Id.; State v. Wolery,46 Ohio St. 2d 316, 332 (1976). The State may prove dominion and control through circumstantial evidence. See Jenks, 61 Ohio St. 3d at 272. Possession may not be inferred, however, solely from the defendant's ownership or occupation of the location where drugs are found. R.C. 2925.01(K).
 {¶ 10} The State presented sufficient evidence to support Mr. Hairston's conviction for possession of marijuana. At the time the SWAT team entered the house, Mr. Hairston was at the bottom of the living room staircase heading up the stairs. The police found a bag of marijuana on a landing at the bottom of the staircase. Accordingly, there was sufficient evidence that Mr. Hairston was in constructive possession of the bag of marijuana. Mr. Hairston's first assignment of error is overruled with respect to his possession of marijuana conviction.
 {¶ 11} Mr. Hairston's convictions for possession of cocaine and criminal tools, however, were not supported by sufficient evidence. The crack cocaine found in the house was discovered at four locations: in the middle of a living room couch; underneath a person who was lying on the floor behind a living room couch; on the floor of the dining room; and in the kitchen. Drug-related dishes, scales, and baggies were found only in the kitchen. Although the crack cocaine that was on the living room couch was in plain view, the State failed to present any evidence that Mr. Hairston exercised dominion or control over it. His mere presence in the same room as illegal drugs is insufficient to establish the element *Page 6 
of possession. See State v. Saunders, 10th Dist. No. 06AP-1234,2007-Ohio-4450, at ¶ 11. Accordingly, Mr. Hairston's first assignment of error is sustained with respect to his possession of cocaine and possession of criminal tools convictions.
 {¶ 12} Mr. Griffin's convictions for possession are also not supported by sufficient evidence. The police found Mr. Griffin standing in the southwest corner of the living room. Although this was the same room in which they found crack cocaine and marijuana, there is no evidence in the record that these drugs were in his vicinity or that he exercised dominion or control over them. There is also no evidence that he had dominion or control over the drug-making tools that were found in the kitchen. If a defendant "neither owns, leases, nor occupies the premises, his mere presence in [a place where] drugs and criminal tools are found is insufficient evidence of his possession of the contraband."State v. Mann, 93 Ohio App. 3d 301, 309 (1993). Mr. Griffin did not own or reside in the house and arrived at it only ten minutes before the raid. Accordingly, this Court concludes there was insufficient evidence for the jury to find Mr. Griffin constructively possessed any of the drugs or criminal tools found in the house. His first assignment of error is sustained with respect to his possession convictions.
 TRAFFICKING {¶ 13} Messrs. Hairston and Griffin have also argued there was insufficient evidence to support their convictions for trafficking in drugs. Section *Page 7 
2925.03(A)(2) of the Ohio Revised Code provides that no person shall knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows . . . the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 14} The State presented evidence that the dishes, scales, and baggies found in the kitchen were similar to items commonly used in the distribution of crack cocaine. The State failed to present any evidence, however, that Mr. Hairston or Mr. Griffin had any connection with these tools or with the distribution of drugs from the house. Neither Mr. Hairston nor Mr. Griffin resided at the house and neither was named on the search warrant. The mere fact that Mr. Hairston and Mr. Griffin were present in the house at the time of the raid does not support a finding that they were trafficking in drugs. Their first assignments of error are sustained with respect to their trafficking convictions.
 CRIMINAL GANG PARTICIPATION {¶ 15} Section 2923.42(A) of the Ohio Revised Code provides that "[n]o person who actively participates in a criminal gang, with knowledge that the criminal gang . . . has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, . . . or shall purposely . . . engage in any act that constitutes criminal conduct, as defined in division (C) of section2923.41 of the Revised Code." Accordingly, there is no criminal liability under Section 2923.42(A) unless the defendant actively participated in a gang, *Page 8 
knew the gang engaged in criminal gang activity, and promoted, furthered, or assisted criminal conduct, or engaged in criminal conduct himself.
 {¶ 16} "[T]he common and ordinary meaning of `actively participates in a criminal gang' is involvement with a criminal gang that is more than nominal or passive." State v. Stallings, 150 Ohio App. 3d 5, 11 (2002). A police officer testified that there are thirty to forty gangs that operate in Akron and that the house that was raided was in a neighborhood within the territory of the North Side Gangsters. The officer testified that the Narcotics Unit has targeted a number of drug houses in the area and has found members of this gang in the houses. He also testified that this gang does most of the narcotics trafficking in the area. The officer testified that, when they searched Mr. Hairston's father's house, they found a number of graffiti markings denoting the North Side Gangsters. The officer also testified that, six months before the raid, Mr. Griffin was arrested at a drug house at the same time as a known gang member.
 {¶ 17} Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to support the jury's finding that Mr. Hairston actively participated in a criminal gang. In particular, there were numerous gang symbols found at the house of Mr. Hairston's father, where Mr. Hairston lived in the past and where he still received his mail.
 {¶ 18} Sufficient evidence did not exist, however, to support the jury's finding that Mr. Griffin actively participated in a gang. Although Mr. Griffin may *Page 9 
have been present when known gang members had been arrested in the past, there was no evidence that Mr. Griffin had anything more than nominal or passive association with the gang. He also did not arrive at the raided house until just before the SWAT team entered. Accordingly, Mr. Griffin's first assignment of error is sustained with respect to his criminal gang activity conviction. His remaining assignments of error are moot. See App. R. 12(A)(1)(c).
 {¶ 19} Returning to Mr. Hairston's criminal gang activity conviction, this Court has noted that, to be criminally liable under Section2923.42(A) for purposely promoting, furthering, or assisting any criminal conduct, a person would "have to be criminally liable as an aider or abettor to a crime committed by a fellow gang member."State v. Stallings, 150 Ohio App. 3d 5, 12 (2002). A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the other person in the commission of the crime, and shares the other person's criminal intent. State v. Johnson,93 Ohio St. 3d 240, syllabus (2001). His intent may be inferred from the circumstances surrounding the crime. Id. His mere presence at the scene of a crime, however, is not sufficient. Id . at 243.
 {¶ 20} There was insufficient evidence to support a finding that Mr. Hairston aided or abetted a crime of another gang member. The evidence established that he was present in a known drug house at the time it was raided, that the North Side Gangsters did most of the narcotics trafficking in the area, that *Page 10 
there was marijuana within Mr. Hairston's vicinity, that he had previous convictions for drug trafficking, and that he fled up the staircase he was standing next to and hid in a bedroom closet when the house was raided. While this evidence demonstrated that Mr. Hairston had sold drugs in the past and that he had a culpable state of mind, it was insufficient to support a finding that he supported, assisted, encouraged, cooperated with, advised, or incited the criminal activity of the gang.
 {¶ 21} There was also insufficient evidence to support a finding that Mr. Hairston engaged in criminal conduct himself. Section 2923.41(C) defines "criminal conduct" as "the commission of . . . an offense listed in division (B)(1)(a), (b), or (c)" Such offenses include felonies, crimes of violence, or the violation of a number of specific statutes. See R.C. 2923.41(B)(1). The only crime there was sufficient evidence to establish Mr. Hairston had committed was possession of less than 100 grams of marijuana. This is not a felony, a crime of violence, or one of the specific crimes listed in Section 2923.41(B)(1)(c). See R.C.2925.11(C)(3). Mr. Hairston's first assignment of error is sustained with respect to this conviction.
 MANIFEST WEIGHT {¶ 22} Mr. Hairston's second assignment of error is that his convictions were against the manifest weight of the evidence. When a defendant argues that *Page 11 
his convictions are contrary to the manifest weight of the evidence, this Court must review and weigh all the evidence that was before the trial court:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten, 33 Ohio App. 3d 339, 340 (1986). Because this Court cannot weigh evidence unless there is evidence to weigh, it is only required to consider this issue regarding Mr. Hairston's conviction for possession of marijuana. See Whitaker v. M.T. Automotive Inc., 9th Dist. No. 21836, 2007-Ohio-7057, at ¶ 13.
 {¶ 23} Mr. Hairston's conviction for possession of marijuana is not against the manifest weight of the evidence. When the SWAT team battered the front door of the house open, they struck Mr. Hairston's arm as he was running up the living room staircase. The Narcotics Unit later found a bag of marijuana at the bottom of the staircase where Mr. Hairston would have been standing prior to the time the SWAT team entered the house. The jury, therefore, could have reasonably inferred that, after the police announced their presence, Mr. Hairston dropped the bag at his feet before running up the stairs. Mr. Hairston's second assignment of error is overruled with respect to his possession of marijuana conviction.
 CRIMINAL RULE 29(A) *Page 12 {¶ 24} Mr. Hairston's third assignment of error is that the trial court incorrectly denied his Motion for Acquital. Rule 29(A) of the Ohio Rules of Criminal Procedure provides that the trial court "shall order the entry of a judgment of acquittal of one or more offenses charged . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." "A motion pursuant to Rule 29(A) is a challenge to the sufficiency of the evidence." State v. Ringkob, 9th Dist. No. 18484,1998 WL 159015 at *3 (March 25, 1998).
 {¶ 25} Because this Court has already addressed Mr. Hairston's sufficiency argument, further discussion of this issue is unnecessary. In light of this Court's determination that there was insufficient evidence to support Mr. Hairston's possession of cocaine, possession of criminal tools, criminal gang activity, and drug trafficking convictions, it concludes the trial court erred when it denied Mr. Hairston's Rule 29(A) motion regarding these counts. Mr. Hairston's third assignment of error is sustained as to his possession of cocaine, possession of criminal tools, criminal gang activity, and drug trafficking convictions, but overruled as to his possession of marijuana conviction.
 DUE PROCESS {¶ 26} Mr. Hairston's fourth assignment of error is that the criminal gang statute, R.C. 2923.42, is unconstitutional because it allowed his prior convictions *Page 13 
into evidence even though they had no relation to gang activity. Mr. Hairston has noted that, under the criminal gang statute, more of his prior convictions were allowed into evidence than would have been permissible under the Ohio Rules of Evidence. He has argued that, if the State had not been able to vilify him with his prior convictions, the evidence against him was so limited that it is doubtful he would have been convicted. He has argued that cases like his should be bifurcated and that the criminal gang charge should be permitted to proceed only if the State obtains a conviction on the underlying crimes.
 {¶ 27} Mr. Hairston's argument is largely moot. This Court has already overturned the majority of his convictions for lack of sufficient evidence. Although it has upheld his conviction for possession of marijuana, a bag of marijuana was found in the exact place where he was prior to the SWAT team's entry. The trial court instructed the jury that it could not consider the evidence of prior convictions "to prove the character of one or both of the Defendants in order to show they acted in conformity with that character."
 {¶ 28} To establish a violation under Section 2923.42, the State had to establish that Mr. Hairston had actively participated in a criminal gang and that he knew the gang had engaged in a "pattern of criminal gang activity." Section 2923.41(B) provides that a "pattern of criminal gang activity" exists if persons in the criminal gang have committed two or more felonies and the two or more offenses were committed on separate occasions or by two or more persons. Under *Page 14 
this section, the State was able to introduce all of Mr. Hairston's past felony convictions in an attempt to establish a pattern of criminal gang activity.
 {¶ 29} When a prior conviction is an essential element of the offense charged, it is an issue of fact to be determined by the jury. State v.Gordon, 28 Ohio St. 2d 45, 48-49 (1971). In Gordon, the defendant argued that the jury should not have received evidence of his prior convictions until it had returned a verdict on the current charge. Id. at 49. Noting that the United State Supreme Court has never compelled two-part jury trials as a matter of constitutional law, the court concluded it was "within the jury's power to hear and receive evidence of the prior conviction and to weigh the same in a one-stage trial. . . ."Id. at 50.
 {¶ 30} Similarly, this Court concludes that the introduction of Mr. Hairston's prior convictions did not deprive him of due process. Mr. Hairston's fourth assignment of error is overruled.
 FAIR TRIAL {¶ 31} Mr. Hairston's fifth assignment of error is that the trial court incorrectly permitted his prior convictions for possession of cocaine to be highlighted by the State. He has argued that these convictions did not involve any co-defendants, occurred within a block from his home, and did not involve any gang activity. Because there was no gang activity alleged, Mr. Hairston has argued that the prejudice he suffered from their introduction outweighed their probative value. *Page 15 
 {¶ 32} As previously noted, Mr. Hairston's prior convictions were admissible as an element of the criminal gang activity charge. The trial court gave the jury a limiting instruction with respect to the use of the convictions. Furthermore, because each of Mr. Hairston's convictions has been reversed except his conviction for possession of marijuana, this Court concludes any alleged error was harmless and did not deprive him of a fair trial. Mr. Hairston's fifth assignment of error is overruled.
 CONCLUSION {¶ 33} Mr. Hairston's and Mr. Griffin's convictions for possession of cocaine, possession of criminal tools, trafficking in cocaine, and criminal gang activity were not supported by sufficient evidence. Their first assignments of error are sustained regarding those convictions. Mr. Griffin's conviction for possession of marijuana was also not supported by sufficient evidence. His first assignment of error is sustained regarding that conviction. Mr. Hairston's conviction for possession of marijuana was supported by sufficient evidence and was not against the manifest weight of the evidence. His assignments of error are overruled regarding that conviction. The judgment of the trial court is reversed in part and this matter is remanded for further proceedings.
 Judgment affirmed in part, reversed in part, and cause remanded. *Page 16 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to all parties.
WHITMORE, P. J. CONCURS