DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Officer Martin Eberhard of the Barberton Police Department stopped Kevin L. Hicks's sport-utility vehicle after having observed it parked in a fire lane and learning that its license plates were expired. Because the vehicle smelled strongly of marijuana, Officer Eberhard searched it and found two bags containing marijuana. He found one of the bags inside the leg of a pair of jeans that was lying on the back seat directly behind the driver's seat. He found the other bag underneath the seat of Mr. Hicks's passenger, Booker T. Ingol. A jury found Mr. Hicks guilty of possession of marijuana. This Court affirms his conviction because it is supported by sufficient evidence and is not against the manifest weight of the evidence.
 FACTS {¶ 2} On the evening of June 30, 2006, Officer Eberhard was on patrol when he drove past a vehicle parked in a fire lane. He checked the vehicle's license plates and discovered that *Page 2 
they were expired. After he turned around, he noticed that the vehicle had pulled away. He got behind the vehicle and stopped it. As he was notifying his dispatcher of his location, he noticed Mr. Ingol leaning into the back of the vehicle and reaching under his seat.
 {¶ 3} Officer Eberhard approached the vehicle and asked for Mr. Hicks's identification. As he stood next to the vehicle, he could smell the odor of unlit marijuana. Officer Eberhard returned to his vehicle and requested backup. When a backup unit arrived, Officer Eberhard got Mr. Hicks out of the vehicle, searched him, and secured him in the back of his police car. As Officer Eberhard was securing Mr. Hicks, he noticed Mr. Ingol reaching behind his seat again. Officer Eberhard returned to Mr. Hicks's vehicle and searched Mr. Ingol, finding a digital scale in his pocket. Officer Eberhard then searched Mr. Hicks's vehicle, finding a bag of marijuana under Mr. Ingol's seat. He also searched through several items of clothing and shoe boxes that were on the back seat, finding another bag of marijuana inside the leg of a pair of jeans that was behind the driver's seat. The marijuana that was inside that bag had been divided into five smaller bags, each of similar weight.
 {¶ 4} The Grand Jury indicted Mr. Hicks and Mr. Ingol for trafficking in marijuana, possession of marijuana, and illegal use or possession of drug paraphernalia. It also indicted Mr. Hicks for improper registration. A jury found Mr. Hicks guilty of possession of marijuana and improper registration. It was unable to reach a verdict on the trafficking charge. Mr. Hicks has appealed, assigning one error regarding whether his possession of marijuana conviction is supported by sufficient evidence or is against the manifest weight of the evidence. "Inasmuch as a court cannot weigh the evidence unless there is evidence to weigh," this Court will first consider his argument that his conviction is not supported by sufficient evidence. Whitaker v. M.T.Automotive Inc., 9th Dist. No. 21836, 2007-Ohio-7057, at ¶ 13. *Page 3 
 SUFFICIENCY {¶ 5} Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. State v.Thompkins, 78 Ohio St. 3d 380, 386 (1997); State v. West, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an average juror of Mr. Hicks's guilt beyond a reasonable doubt. State v. Jenks, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).
 {¶ 6} Mr. Hicks was convicted of violating Section 2925.11 of the Ohio Revised Code. Section 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Section 2925.01(K) defines "possession" as "having control over a thing or substance. . . ." It may be actual or constructive. State v.McShan, 77 Ohio App. 3d 781, 783 (1991). Constructive possession is demonstrated if drugs are in a defendant's dominion or control. Id.;State v. Wolery, 46 Ohio St. 2d 316, 332 (1976). The State may prove dominion and control through circumstantial evidence. SeeJenks, 61 Ohio St. 3d at 272. Possession may not be inferred, however, solely from the defendant's ownership or occupation of the location where drugs are found. R.C. 2925.01(K).
 {¶ 7} Officer Eberhard testified that, when he searched under the passenger seat of Mr. Hicks's sport-utility vehicle, he found a bag of marijuana. He also testified that, when he searched through several layers of jeans that were on the back seat of the vehicle, he found a bag of marijuana in one of the pant legs. The jeans were located directly behind the driver's seat. Mr. Ingol testified that, although the bag of marijuana that was under the passenger seat belonged to him, he did not know that there was any other marijuana inside the vehicle. He testified that Mr. Hicks sells jeans and that the clothing and marijuana that were in the back seat *Page 4 
of the vehicle were Mr. Hicks's. Viewing the evidence in a light most favorable to the State, it was sufficient to prove that Mr. Hicks had dominion and control over the marijuana that was found in the back seat of his vehicle. Accordingly, there was sufficient evidence to prove Mr. Hicks knowingly possessed marijuana. To the extent Mr. Hicks's assignment of error is that his conviction is not supported by sufficient evidence, it is overruled.
 MANIFEST WEIGHT {¶ 8} Mr. Hicks has also argued that his conviction is against the manifest weight of the evidence. When a defendant argues that his conviction is against the manifest weight of the evidence, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Otten, 33 Ohio App. 3d 339, 340 (1986).
 {¶ 9} Mr. Hicks has argued that Mr. Ingol is an admitted liar, who had a powerful incentive to implicate him. He has noted that Mr. Ingol was also on trial and that, if Mr. Ingol was able to convince the jury that the bag of marijuana that was found inside the pant leg belonged to Mr. Hicks, his criminal tools and possession convictions would be reduced from felonies to misdemeanors. Mr. Hicks has noted that Mr. Ingol was the one who had a digital scale for dividing drugs into smaller quantities in his pocket and that he was the only one who Officer Eberhard testified was making "furtive movements" toward the backseat of the vehicle after they were stopped. He has argued that it is absurd to think that the bag of marijuana that was divided into five smaller bags belonged to the defendant who did not have a scale. *Page 5 
 {¶ 10} "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass,10 Ohio St. 2d 230, paragraph one of the syllabus (1967). As the trier of fact, the jury "is the sole judge of . . . the credibility of witnesses."State v. Antill, 176 Ohio St. 61, 67 (1964). It is "in the best position to observe their demeanor, gestures, and voice inflections in weighing their credibility." State v. Breiding, 9th Dist. No. 17987,1997 WL 760653 at *5 (Nov. 19, 1997). "It may believe or disbelieve any witness or accept part of what a witness says and reject the rest."Antill, 176 Ohio St. at 67.
 {¶ 11} Officer Eberhard testified that when he drove past Mr. Hicks's vehicle, Mr. Hicks and Mr. Ingol were standing across the street from it, along with another man. Mr. Ingol testified, however, that he was walking down the street when Mr. Hicks stopped near him and asked if he wanted a ride home. At first, Mr. Ingol denied that the bag of marijuana that Officer Eberhard found under the passenger seat was his, before admitting that it was his. Mr. Ingol also testified that he spent about $300 a day on marijuana, despite being unemployed.
{¶ l2} Although some of Mr. Ingol's testimony conflicted with Officer Eberhard's, and even though Mr. Ingol may have overstated the extent of his drug habit to persuade the jury that the bag of marijuana that was found under his seat was for his personal use, the jury was free to believe his statement that he did not know that there was additional marijuana in Mr. Hicks's vehicle. Having reviewed and weighed all the evidence that was before the trial court, this Court cannot say that the jury lost its way and created a manifest miscarriage of justice when it found that Mr. Hicks was in possession of the bag of marijuana that was found inside his vehicle, hidden in a pile of clothing that apparently belonged to him. To the extent Mr. Hicks's *Page 6 
assignment of error is that his conviction is against the manifest weight of the evidence, it is overruled.
 CONCLUSION {¶ l3} Mr. Hicks's conviction for possession of marijuana is supported by sufficient evidence and is not against the manifest weight of the evidence. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1